IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., *et al.*, | )<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | ) Civil Action No. 18-cv-134-BKS-ATB<br>) |
| GEORGE P. BEACH II, *et al.*, | )<br>) |
| *Defendants*. | )<br>) |

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR LEAVE TO AMEND THE COMPLAINT

David H. Thompson\*  
Peter A. Patterson\*  
John D. Ohlendorf\*  
COOPER & KIRK, PLLC  
1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036  
(202) 220-9600  
(202) 220-9601 (fax)  
dthompson@cooperkirk.com  

Kathleen McCaffrey Baynes  
Bar Roll No. 507154  
KATHLEEN MCCAFFREY BAYNES, ESQ., PLLC  
    *Attorney of Record*  
21 Everett Road Extension, Suite A-4  
Albany, NY 12205  
(518) 489-1098  
kmb@kmbaynes.com  

  \* Appearing *pro hac vice*

*Attorneys for Plaintiffs*

May 15, 2018

Pursuant to FED. R. CIV. P. 15 and 21 and Local Rule 7.1(a)(4), Plaintiffs respectfully move this Court for leave to amend their Complaint in this action to add an additional plaintiff. Plaintiffs have consulted with counsel for the defendants concerning this motion, and the defendants do not oppose it. In support of their request, Plaintiffs state as follows:

1.   Plaintiffs New York State Rifle and Pistol Association, Inc. ("NYSRPA") and Robert Nash brought this suit on February 1, 2018, to challenge New York's restrictions on the right to carry firearms in public. The Defendants moved to dismiss the Complaint on March 26, and the Parties have recently completed briefing that motion.

2.   Plaintiffs seek to amend their Complaint by adding an additional plaintiff, Brandon Koch. As detailed in the proposed Amended Complaint, which is attached to this motion as Attachment A, Mr. Koch, like current Plaintiff Robert Nash, meets all of New York's eligibility requirements for a Handgun Carry License, but his application for such a license was denied by Defendant McNally for failure to show "proper cause." The legal allegations and claims asserted by Mr. Koch in the proposed Amended Complaint are substantively identical to those alleged by Plaintiffs Nash and NYSRPA in the current operative Complaint.

3.   After the defendant has filed a response but before trial, FED. R. CIV. P. 15(a)(2) allows the plaintiff to amend its complaint "with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." *Id.* "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("When a party requests leave to amend his complaint, permission generally should be freely granted.").

4. Here, there can be no suggestion that Plaintiffs have acted in bad faith. Nor will amendment cause any prejudice to Defendants. Because Mr. Koch's allegations and claims are substantively identical to those of the existing plaintiffs—and are asserted against the same defendants—his addition to the case does not materially change the nature or scope of the litigation. Moreover, as discussed below, because of the identity of Mr. Koch's allegations and those of the existing plaintiffs, Defendants' Motion to Dismiss (Mar. 26, 2018), Doc. 19, may be applied to the Amended Complaint and need not be refiled, unless the Court instructs otherwise. Accordingly, leave should be "freely granted." *Grullon*, 720 F.3d at 139. Indeed, the lack of prejudice here is shown by Defendants' consent to the motion.

5. Because Plaintiffs' proposed amendment would add parties to the litigation, it is also arguably governed by Rule 21, which allows parties to be added by leave of the Court "on just terms." *See Renard v. Dillman*, 162 F.3d 1148 (2d Cir. 1998) (table). But even if Rule 21 is technically controlling in these circumstances, the cases are in agreement that "the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *SEB S.A. v. Montgomery Ward & Co.*, 2002 WL 31175244, at *4 (S.D.N.Y. Oct. 1, 2002) (quotation marks omitted); *see also Oneida Indian Nation of New York State v. County of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000). Accordingly, for the reasons articulated above, Plaintiffs' motion should be granted under either rule.

6. As noted, Plaintiffs have consulted with counsel for Defendants concerning this motion. Plaintiffs believe, and we understand Defendants to agree, that given the substantive identity between Mr. Koch's allegations and claims and the allegations and claims in the current operative complaint, the arguments and defenses advanced in Defendants' pending Motion to Dismiss would apply to the proposed Amended Complaint to the same extent as the original

2

Complaint. Accordingly, if the Court grants leave and the proposed Amended Complaint is filed, we submit that the Motion to Dismiss and accompanying briefs will run against the Amended Complaint of their own force and need not be refiled, unless the Court instructs otherwise.

WHEREFORE, Plaintiffs respectfully request the Court's leave to amend their Complaint and add Mr. Koch as an additional Plaintiff in this action.

Dated:  May 15, 2018

David H. Thompson\*
Peter A. Patterson\*
John D. Ohlendorf\*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

   \*Appearing *pro hac vice*

Respectfully submitted,

s/ *Kathleen McCaffrey Baynes*
Kathleen McCaffrey Baynes, Bar Roll No. 507154
KATHLEEN MCCAFFREY BAYNES, ESQ., PLLC
   *Attorney of Record*
21 Everett Road Extension, Suite A-4
Albany, NY 12205
(518) 489-1098
kmb@kmbaynes.com

*Attorneys for Plaintiffs*

3

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of the document to be served electronically on all parties or their counsel.

                                                    s/ *Kathleen McCaffrey Baynes*
                                                    Kathleen McCaffrey Baynes

                                                    *Attorney for Plaintiffs*