IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., *et al.*, | )<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | ) Civil Action No. 1:18-cv-00134-BKS-ATB |
| STEVEN NIGRELLI, IN HIS OFFICIAL CAPACITY AS ACTING SUPERINTENDENT OF THE NEW YORK STATE POLICE, *et al.*, | )<br>)<br>)<br>)<br>)<br>) |
| *Defendants*. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT UNDER RULE 58(d)**

Plaintiffs Brandon Koch, Robert Nash, and the New York Pistol and Rifle Association, Inc. filed suit challenging the constitutionality of N.Y. Penal Law § 400.00(2)(f), which limited the right to carry firearms outside the home to those who could satisfy a licensing official that they have "proper cause" to exercise that right. *See* ECF 1 & 31. Plaintiffs sought a declaration that N.Y. Penal Law § 400.00(2)(f) was unconstitutional and an injunction against Defendants' enforcement of it. *Id*.

The District Court granted Defendants' Motion to Dismiss and entered judgment for Defendants, *see* ECF 32 & 33, and the United States Court of Appeals for the Second Circuit affirmed the District Court's judgment, *see* ECF 37.

After granting Plaintiffs' petition for writ of certiorari, the Supreme Court of the United States declared that "New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2156

(2022). The Court "reverse[d] the judgment of the Court of Appeals and remand[ed] the case for further proceedings consistent with this opinion. *It is so ordered*." *Id*. (italics in original). Shortly thereafter, New York repealed N.Y. Penal Law § 400.00(2)(f), *see* Senate Bill 51001 (attached as Exhibit 1), mooting Plaintiffs' claim for injunctive relief. Plaintiffs have obtained complete relief.

On remand to the Second Circuit, that Court "vacate[d] the judgment of the district court and remand[ed] this case for further proceedings consistent with the Supreme Court's decision." *See* ECF 42.

Accordingly, under Rule 58(d) of the Federal Rules of Civil Procedure and Local Civil Rule 58.1, and consistent with the Supreme Court's decision in *Bruen* and the Second Circuit's remand order, this Court should enter judgment in favor of Plaintiffs.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion and enter the attached Proposed Order directing the Clerk to enter judgment, pursuant to Rule 58(b) of the Federal Rules of Civil Procedure and Local Civil Rule 58.1, in favor of Plaintiffs.

Dated: November 14, 2022                                   Respectfully submitted,

                                                                                 */s/ John Parker Sweeney*
John Parker Sweeney
James W. Porter III
Marc A. Nardone
Connor M. Blair
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: 205-521-8000
jsweeney@bradley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2022, I electronically filed the foregoing with the Clerk of the Count using the CM/ECF system, and I hereby certify that service will be accomplished by the CM/ECF system on all parties or their counsel.

Dated: November 14, 2022              <u>*/s/ John Parker Sweeney*</u>
                                      John Parker Sweeney

                                      *Counsel for Plaintiffs*