IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | )   Civil Action No. 1:18-cv-00134-BKS-ATB ) |
| STEVEN NIGRELLI, IN HIS OFFICIAL CAPACITY AS ACTING SUPERINTENDENT OF THE NEW YORK STATE POLICE, *et al.*, | ) ) ) ) ) |
| *Defendants*. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 42 U.S.C. § 1988(b) AND RULE 54(d)**

Plaintiffs Brandon Koch, Robert Nash, and the New York Pistol and Rifle Association, Inc. submit this Memorandum of Law in support of their motion for an order awarding attorney's fees and costs.

### STATEMENT OF FACTS

On February 1, 2018, Plaintiffs filed suit challenging the constitutionality of N.Y. Penal Law § 400.00(2)(f), which restricted the right to carry firearms outside the home to those who could satisfy a licensing official that they have "proper cause" to exercise that right. *See* ECF 1 & 31. Plaintiffs sought a declaration that N.Y. Penal Law § 400.00(2)(f) was unconstitutional and an injunction against Defendants' enforcement of it. *Id*.

On December 17, 2018, the District Court granted Defendants' Motion to Dismiss and entered judgment for Defendants, *see* ECF 32 & 33, and on September 17, 2020, the United States Court of Appeals for the Second Circuit affirmed the District Court's judgment, *see* ECF 37.

After granting Plaintiffs' petition for writ of certiorari, the Supreme Court of the United

States held that "New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2156 (2022). The Supreme Court "reverse[d] the judgment of the Court of Appeals and remand[ed] the case for further proceedings consistent with this opinion. *It is so ordered*." *Id*. (italics in original). Shortly thereafter, New York repealed N.Y. Penal Law § 400.00(2)(f), *see* Senate Bill 51001 (attached as Exhibit 1), mooting Plaintiffs' claim for injunctive relief. Plaintiffs obtained complete relief.

On remand to the Second Circuit, that Court "vacate[d] the judgment of the district court and remand[ed] this case for further proceedings consistent with the Supreme Court's decision." *See* ECF 42.

On November 17, 2022, this Court entered judgment "in favor of Plaintiffs Brandon Koch, Robert Nash, and the New York Pistol and Rifle Association, Inc [sic]."[1] ECF 54.

## LEGAL STANDARD

42 U.S.C. § 1988 awards attorney's fees to prevailing parties. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). "Determining whether an award of attorney's fees is appropriate requires a two-step inquiry. First, the party must be a 'prevailing party' in order to recover. If [it] is, then the requested fee must also be reasonable." *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996) (citations omitted).

## ARGUMENT

**I.     Plaintiffs are prevailing parties and are therefore entitled to an award of attorney's fees under 42 U.S.C. § 1988.**

Section 1988 gives the Court discretion to award "a reasonable attorneys' fee [to the prevailing party in civil rights litigation] as part of the costs." 42 U.S.C. § 1988(b). There is a

---

[1] Plaintiff's correct name is New York State Rifle and Pistol Association.

2

statutory presumption that attorney's fees should be awarded to successful plaintiffs in anything other than unusual situations. *Williams v. Hanover Hous. Auth.*, 113 F.3d 1294, 1300 (1st Cir. 1997).

"To qualify as a prevailing party, a plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought. . . . Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." *Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n*, 934 F.3d 238, 243 (2d Cir. 2019) (quotations and citation omitted) (alteration in original). "[A] plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id*. (citations and quotations omitted). "The Supreme Court has 'repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test.'" *Id*. (quoting *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012)).

Plaintiffs obtained a judgment in their favor. ECF 54. That judgment came as a result of the Supreme Court's decision in this matter, which provided Plaintiffs relief on the merits of their claim that materially altered the legal relationship between the parties by modifying Defendants' behavior in a way that directly benefitted the Plaintiffs. The Supreme Court held that "New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Bruen*, 142 S. Ct. at 2156 (2022). Shortly thereafter, because *Bruen* held that N.Y. Penal Law § 400.00(2)(f) was unconstitutional and invalid, New York repealed that law. *See* Exhibit 1. Accordingly, Plaintiffs are prevailing parties. *See Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago*, 646 F.3d 992, 994 (7th Cir. 2011) (Plaintiffs were prevailing parties where Supreme Court

3

"established conclusively" that challenged law was unconstitutional under the Second Amendment and therefore invalid).

##   II.   Plaintiffs request a reasonable fee for the services rendered in this matter.

In awarding attorney's fees, a district court must determine the "presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011). "The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Id*. at 289–90 (citations and quotations omitted). The reasonably expended hours "is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Although the "forum rule generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee,'" *Bergerson*, 652 F.3d at 290 (quoting *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)), the forum rule does not apply when the prevailing party makes "a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result," *see Simmons*, 575 F.3d at 176.

Plaintiffs' attorneys' hourly rates for this work are what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively. In this sophisticated constitutional-law action, Plaintiffs justifiably retained experienced counsel from outside the forum district. The successful prosecution of this lawsuit required litigation before the Supreme Court of the United States for the reversal of binding Second Circuit precedent. Plaintiffs obtained a groundbreaking decision from the Supreme Court in an

area of Second Amendment jurisprudence on which that Court had not yet opined. To obtain that result, Plaintiffs' only viable option was to employ counsel experienced in the litigation of Second Amendment matters and Supreme Court litigation.

      The attorneys that worked on this matter undeniably have extensive experience in briefing and arguing constitutional matters in federal court. Plaintiffs challenged N.Y. Penal Law § 400.00(2)(f) as violative of the Second Amendment. There are very few attorneys who practice Second Amendment constitutional litigation and even fewer who practice constitutional litigation on behalf of plaintiffs against government entities. There are again even fewer (if any) local attorneys who have briefed or argued Second Amendment cases before the Second Circuit and the Supreme Court, like the counsel Plaintiff selected. There are no attorneys located inside the district with the necessary experience relevant to Plaintiffs' challenge. For this reason, Plaintiffs were required to select attorneys located outside the district—the attorneys selected by Plaintiffs possess the experience-based, objective factors that caused Plaintiffs to prevail. In any event, the hourly rates of Plaintiffs' attorneys are reasonable because they are comparable to those of other civil rights attorneys in the community. *See e.g., Schwartz v. United States Drug Enforcement Administration*, No. 13-CV-5004, 2019 WL 1299192, at *9 (E.D.N.Y. March 1, 2019) (awarding $500 hourly fee to partner litigating FOIA litigation, and listing awards of between $500 and $655 per hour for partners handling complex litigation), *adopted by*, 2019 WL 1299660 (E.D.N.Y. Mar. 21 2019). Indeed, "[t]he highest rates . . . are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields." *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012). Plaintiffs' attorneys certainly fit this bill.

The hours Plaintiffs' attorneys spent successfully challenging N.Y. Penal Law § 400.00(2)(f) are reasonable, given the unusual legal and factual circumstances of this case and because the case lasted several years and was litigated zealously by Defendants. *See N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1142, 1146 (2d Cir. 1983) (upholding an award of 11,034 hours reasonably expended on a multiyear civil rights case).

Plaintiffs, at various procedural postures in this matter, used attorneys from four different law firms. Kathleen McCaffrey Baynes, a solo practitioner with Kathleen McCaffrey Baynes, Esq., PLLC, served as local counsel throughout this litigation. At all times in this matter, Ms. Baynes billed rates at $275.00 per hour. Plaintiffs' fair estimate of the total number of hours worked by Ms. Baynes is 54.20. Plaintiffs' fair estimate of the value of these hours, with $1,425.79 in costs, is $16,330.79.

Cooper & Kirk PLLC ("Cooper & Kirk") prosecuted this matter before the District Court and briefed this matter at the Second Circuit. At all times in this matter, Cooper & Kirk billed partner rates from $625.00 to $1,125.00 per hour and paralegal rates at $155.00 per hour. Plaintiffs' fair estimate of the total number of hours worked by Cooper & Kirk is 190.00. Plaintiffs' fair estimate of the value of these hours, with $197.27 in costs, is $95,344.74.

Bradley Arant Boult Cummings, LLP ("Bradley") argued this case before a panel of the Second Circuit. Bradley is prosecuting this matter on remand from the Supreme Court and is challenging several provisions of New York's Concealed Carry Improvement Act, which New York enacted in response to *Bruen*. At all times in this matter, Bradley billed partner rates from $490.00 to $765.00 per hour, associate rates from $315.00 to $445.00 per hour, and paralegal rates from $260.00 to $270.00 per hour. Plaintiffs' fair estimate of the total number of hours worked by

Bradley is 316.40. Plaintiffs' fair estimate of the value of these hours, with $790.22 in costs, is $124,816.00.

Kirkland & Ellis LLP ("Kirkland") briefed and argued this matter before the Supreme Court. At all times in this matter, Kirkland billed partner rates from $1,045.00 to $1,895.00 per hour, associate rates from $745.00 to $1,095.00 per hour, paralegal rates from $270.00 to $35.00 per hour, staff attorney rates from $415.00 to $440.00 per hour, and other professionals' rates from $320.00 to $440.00 per hour. Plaintiffs' fair estimate of the total number of hours worked by Kirkland & Ellis is 1,111.23. Plaintiffs' fair estimate of the value of these hours, with $11,916.12 in costs, is $1,032,740.60.

In total, Plaintiffs' fair estimate of the total number of hours worked is 1,745.75. Plaintiffs' fair estimate of the value of these hours, with $14,329.51 in costs, is $1,269,232.13.

**III.     Plaintiffs are entitled to the costs incurred in making this application.**

The time spent preparing the fee application is compensable as part of the attorney's fees to be awarded. *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996) ("[A]ttorneys' fees for the preparation of the fee application are compensable."). The fees related to preparation of this application are up to date and are included in Plaintiffs' fair estimate.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion and award Plaintiffs their attorney's fees and costs.

Dated: December 1, 2022

Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney
James W. Porter, III
Marc A. Nardone
Connor M. Blair
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: 205-521-8000
jsweeney@bradley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, I electronically filed the foregoing with the Clerk of the Count using the CM/ECF system, and I hereby certify that service will be accomplished by the CM/ECF system on all parties or their counsel.

Dated: December 1, 2022                              */s/ John Parker Sweeney*
                                                    John Parker Sweeney

                                                    *Counsel for Plaintiffs*