UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

NEW YORK STATE RIFLE & PISTOL ASSOCIATION,
*and* ROBERT NASH, *and* BRANDON KOCH,

                                    *Plaintiffs*,

        -against-                             Case No. 1:18 Civ. 00134
                                                                 (BKS/ATB)

STEVEN A. NIGRELLI, in his official capacity as
Acting Superintendent of the New York State Police, and
RICHARD J. MCNALLY, JR., in his official capacity
as Justice of the New York Supreme Court, Third Judicial
District, and Licensing Officer for Rensselaer County,

                                   *Defendants*.
----------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS'
## APPLICATION FOR ATTORNEYS' FEES

                                                    LETITIA JAMES
                                                    Attorney General
                                                    State of New York
                                                    The Capitol
                                                    Albany, New York 12224-0341
                                                    Attorney for Acting Superintendent Nigrelli
                                                    and Justice McNally

Michael G. McCartin, Bar Roll No. 511158
Assistant Attorney General | Special Counsel

January 17, 2022

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 1

STANDARD OF REVIEW ..................................................................................................... 3

ARGUMENT ........................................................................................................................... 4

   POINT I

      Because Plaintiffs fail to provide the Court with *any* billing records, their fee application should be denied in its entirety. .................................................................. 4

   POINT II

      In the alternative, the number of hours spent by Plaintiffs' counsel litigating this action should be reduced by a flat rate of more than 50% because they fail to provide the Court with billing records. ............................................................................................. 6

   POINT III

      Plaintiffs' counsel seek excessive hourly rates that should be reduced to between $250 and $350 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals. ............................................................................................................ 8

CONCLUSION ....................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**CASES**                                                                                    **PAGE(S)**

*Arbor Hill Concerns Citizens Neighborhood Ass'n v. County of Albany*,
   522 F.3d 182 (2d Cir. 2008) ................................................................................................10

*Baim v. Notto*,
   316 F. Supp. 2d 113 (N.D.N.Y. 2003) ...................................................................................8

*Brooks v. Roberts*,
   501 F. Supp. 3d 103 (N.D.N.Y. 2020) ...................................................................................7

*Burns v. Scott*,
   No. 20-cv-10518, 2022 WL 10118491 (S.D.N.Y. Oct. 17, 2022) ..........................................4

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*,
   2021 U.S. Dist. LEXIS 62863, 2021 WL 1222159 (S.D.N.Y. Mar. 31, 2021) .....................3

*Devito v. Hempstead China Shop*,
   831 F. Supp. 1037 (E.D.N.Y. 1993) ......................................................................................6

*Francois v. Mazer*,
   523 F. App'x 28 (2d Cir. 2013) .............................................................................................7

*G.M. ex rel. R.F. v. New Britain Bd. of Educ.*,
   173 F.3d 77 (2d Cir. 1999) .....................................................................................................3

*G&G Closed Circuit Events, LLC v. Batista*,
   No. 21-cv-7352, 2022 WL 1570943 (S.D.N.Y. May 18, 2022) ............................................5

*Grant v. Lockett*,
   2022 U.S. Dist. LEXIS 98312 (N.D.N.Y. June 2, 2022) .......................................................9

*Grant v. Lockett*,
   No. 15-CV-445, 2022 WL 1793142 (N.D.N.Y. June 2, 2022) ..............................................4

*H & R Block Tax Services, LLC v. Strauss*,
   2015 U.S. Dist. LEXIS 87668 (N.D.N.Y. July 7, 2015) ........................................................4

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ...............................................................................................................3

*In re Navidea Biopharm. Litig.*,
   No. 19-cv-1578, 2021 WL 2323380 (S.D.N.Y. Apr. 21, 2021) ............................................5

*John v. Demaio*,
   2016 U.S. Dist. LEXIS 136339, 2016 WL 7469862 (E.D.N.Y. Sept. 29, 2016) ...................6

*Kapoor v. Rosenthal*,
    269 F. Supp. 2d 408 (S.D.N.Y. 2003)..................................................................................9

*Krause v. Kelahan*,
    2022 U.S. Dist. LEXIS 19138 (N.D.N.Y. Feb. 2, 2022) ......................................................7

*Lewis v. City of Albany Police Dep't*,
    554 F. Supp. 2d 297 (N.D.N.Y. 2008)..................................................................................7

*Lighthouse Baptist Church, Inc. v. Chemung Cty.*,
    2022 U.S. Dist. LEXIS 167797 (W.D.N.Y. Sep. 16, 2022) .................................................3

*Luessenhop v. Clinton Cty.*,
    558 F. Supp. 2d 247 (N.D.N.Y. 2008)..................................................................................9

*Marion S. Mishkin Law Office v. Lopalo*,
    767 F.3d 144 (2d Cir. 2014)..................................................................................................5

*Matusick v. Erie Cty. Water Auth.*,
    757 F.3d 31 (2d Cir. 2014)....................................................................................................8

*Millea v. Metro-North R.R.*,
    658 F.3d 154 (2d Cir. 2011)..................................................................................................9

*Moore v. Keller*,
    2021 WL 5493022 (N.D.N.Y. Nov. 22, 2021) ..................................................................4, 9

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*,
    711 F.2d 1136 (2d Cir. 1983)................................................................................................5

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,
    142 S. Ct. 2111 (2022)..........................................................................................................2

*New York v. Rac Holding, Inc.*,
    135 F. Supp. 2d 359 (N.D.N.Y. 2001)..................................................................................6

*Optima Media Grp. Ltd. v. Bloomberg, L.P.*,
    2022 U.S. Dist. LEXIS 61374 (S.D.N.Y. Mar. 31, 2022) ....................................................6

*Osterweil v. Bartlett*,
    92 F. Supp. 3d 14 (N.D.N.Y. 2015) ............................................................................... 10-11

*P.J. v. Conn. State Bd. of Educ.*,
    931 F.3d 156 (2d Cir. 2019)..................................................................................................3

*Perez v. Lasership, Inc.*,
    2015 U.S. Dist. LEXIS 166758 (D. Conn. Dec. 14, 2015)...................................................8

*Salamanca v. ABC Corp.*,
  No. 19 Civ. 1335, 2021 WL 3275902 (E.D.N.Y. July 15, 2021) .............................................5

*Scott v. City of N.Y.*,
  626 F.3d 130 (2d Cir. 2010)..................................................................................................5

*Sheet Metal Workers' Nat'l Pension Fund v. Coverex Corp. Risk Sols.*,
  2015 U.S. Dist. LEXIS 69146 (E.D.N.Y. May 28, 2015) ........................................................6

*Upstate N.Y. Eng'rs Health Fund v. Pumpcrete Corp.*,
  No. 5:21-cv-00344 (BKS/ML), 2022 U.S. Dist. LEXIS 119936 (N.D.N.Y.
  July 7, 2022)..........................................................................................................................11

*Young v. Cooper Cameron Corp.*,
  2009 U.S. Dist. LEXIS 133365 (S.D.N.Y. Mar. 18, 2009) .......................................................8

*Yue Ping Sun v. Buffet Star of Vestal Inc.*,
  No. 3:14-CV-912, 2017 U.S. Dist. LEXIS 225078 (N.D.N.Y. June 21, 2017)..........................4

**CONSTITUTIONS**

Second Amendment ..............................................................................................................10

Fourteenth Amendment ...........................................................................................................2

**FEDERAL STATUTES**

42 U.S.C.
  § 1983......................................................................................................................................3
  § 1988(b).................................................................................................................................3

**STATE STATUTES**

CCIA ........................................................................................................................................2

Concealed Carry Improvement Act .........................................................................................2

N.Y. Penal Law
  § 400.00(2)(f)...................................................................................................................... 1-2

**RULES**

Fed. R. Civ. P.
  Rule 25(d) ...............................................................................................................................1

Defendants Steven A. Nigrelli[1] and Justice Richard J. McNally, Jr. (collectively, "Defendants"), sued in their official capacity as Acting Superintendent of the New York State Police and Justice of the New York State Supreme Court, Third Judicial District, and Licensing Officer for Rensselaer County, respectfully submit this memorandum of law in opposition to the application for attorneys' fees filed by Plaintiffs New York State Rifle & Pistol Association, Robert Nash, and Brandon Koch (collectively, "Plaintiffs") on December 1, 2022. *See* ECF 55 and 56.

## PRELIMINARY STATEMENT

Because Plaintiffs fail to provide the Defendants and the Court with *any* billing documentation to support their application for attorneys' fees, including dates in which legal work was performed, and the number of hours claimed for each attorney, they are not entitled to *any* attorneys' fees. In the alternative, because the Plaintiffs do not supply billing records and seek excessive hourly rates per attorney, including for up to $1,895 per hour, this Court should impose across the board cuts, resulting in a significant reduction of the $1,269,232.13 sought by the Plaintiffs, to a figure below $400,000.

## STATEMENT OF FACTS

The relevant facts are not in dispute in this motion. On February 1, 2018, Plaintiffs filed this action challenging the constitutionality of N.Y. Penal Law § 400.00(2)(f), which restricted the right to carry firearms outside the home to those with "proper cause" to exercise that right. *See* ECF Nos. 1 and 31. Plaintiffs sought a declaration that N.Y. Penal Law § 400.00(2)(f) was unconstitutional and an injunction against Defendants' enforcement of it. *Id*.

---

[1] Steven A. Nigrelli became the Acting Superintendent of the New York State Police on October 19, 2022, thus, he should be substituted in as a defendant in the place of Kevin P. Bruen in accordance with Fed. R. Civ. P. Rule 25(d).

1

On December 17, 2018, the District Court granted Defendants' Motion to Dismiss and entered judgment for Defendants, *see* ECF Nos. 32 and 33, and on September 17, 2020, the United States Court of Appeals for the Second Circuit affirmed the District Court's judgment, *see* ECF No. 37.  After granting Plaintiffs' petition for writ of certiorari, and after hearing oral argument, the Supreme Court of the United States held that "New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2156 (2022).  Thus, the Supreme Court "reverse[d] the judgment of the Court of Appeals and remand[ed] the case for further proceedings consistent with this opinion. *It is so ordered*." *Id*. (italics in original).

On July 1, 2022, New York repealed N.Y. Penal Law § 400.00(2)(f) as part of the Concealed Carry Improvement Act ("CCIA").  Then, on remand of Plaintiffs' claim to the Second Circuit, that Court "vacate[d] the judgment of the district court and remand[ed] this case for further proceedings consistent with the Supreme Court's decision." *See* ECF No. 42.  On November 17, 2022, this Court then entered judgment in favor of Plaintiffs New York Pistol and Rifle Association, Brandon Koch, and Robert Nash.  *See* ECF No. 54.

The present application for attorneys' fees followed on December 1, 2022.  *See* EFC Nos. 55 and 56.  Notably, the only exhibit Plaintiffs attached to the application was a copy of the CCIA.  *Id*.  In other words, there were (1) no contemporaneous billing records setting forth the dates or number of hours worked, the particular legal projects counsel worked on, or what lawyers worked on what project; and (2) there were no declarations setting forth the facts related to the Plaintiffs' attorneys, *i.e.*, whether they were a partner or an associate, how long they been practicing as a lawyer, and what their standard fees were.  Instead, Plaintiffs merely submitted a

2

"fair estimate of the total number of hours" worked by each of their four law firms, gave a band of what hourly rates it would charge (up to $1,895 per hour), and demanded a total of $1,269,232.13. Thus, Plaintiffs' application for attorneys' fees is completely deficient.

## STANDARD OF REVIEW

Where, as here, an action is brought pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs," subject to certain exceptions not relevant here. 42 U.S.C. § 1988(b). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See also Lighthouse Baptist Church, Inc. v. Chemung Cty.*, 2022 U.S. Dist. LEXIS 167797, at *26 (W.D.N.Y. Sep. 16, 2022).

So "[d]etermining whether an award of attorney's fees is appropriate requires a two-step inquiry. First, the party must be a 'prevailing party' in order to recover. If [the party] is, then the requested fee must also be reasonable." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 2021 U.S. Dist. LEXIS 62863, 2021 WL 1222159, at *5-6 (S.D.N.Y. Mar. 31, 2021) (quoting *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996)). District courts calculate fees pursuant to these provisions using the "lodestar" approach, "whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *G.M. ex rel. R.F. v. New Britain Bd. of Educ.*, 173 F.3d 77, 84 (2d Cir. 1999) (internal quotation marks omitted). "There is ... a 'strong presumption' that the lodestar figure represents a reasonable fee." *P.J. v. Conn. State Bd. of Educ.*, 931 F.3d 156, 169 (2d Cir. 2019) (omits internal quotations and citations).

The appropriate hourly rate "depends on the hourly rates employed in the district in which the reviewing court sits." *Grant v. Lockett*, No. 15-CV-445, 2022 WL 1793142, at *2 (N.D.N.Y. June 2, 2022) (citing *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). "As the Second Circuit has explained, 'the reasonable, paying client' is one 'who wishes to pay the least amount necessary to litigate the case effectively.'" *Moore v. Keller*, 2021 WL 5493022, at *2 (N.D.N.Y. Nov. 22, 2021) (quoting *Arbor Hill Concerns Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008)). As to hours, the Second Circuit has instructed that courts "must perform 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" *Burns v. Scott*, No. 20-cv-10518, 2022 WL 10118491, at *15 (S.D.N.Y. Oct. 17, 2022) (quoting *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)).

## ARGUMENT

## POINT I

**Because Plaintiffs fail to provide the Court with *any* billing records, their fee application should be denied in its entirety.**

It is well-established that "attorneys seeking an award of fees from the Court must submit contemporaneous time records from which the Court can determine whether the hours expended were reasonable." *H & R Block Tax Services, LLC v. Strauss*, 2015 U.S. Dist. LEXIS 87668, at *17 (N.D.N.Y. July 7, 2015); *Yue Ping Sun v. Buffet Star of Vestal Inc.*, No. 3:14-CV-912 (BKS/DEP), 2017 U.S. Dist. LEXIS 225078, at *7-8 (N.D.N.Y. June 21, 2017). Plaintiffs fail to support their claimed attorney hours with *any* sworn evidence, much less with contemporaneous billing records. *See* ECF 55 and 56.

4

Under decades of binding Second Circuit precedent, Plaintiffs' failure to submit contemporaneous time records requires denial of the fee application. In *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), the court declared that "any attorney. . . who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." The *Carey* court also emphasized that "[a]ll applications for attorney's fees, whether submitted by profit-making or non-profit lawyers, for any work done after the date of this opinion should normally be disallowed unless accompanied by [such] contemporaneous time records . . ." *Id.* at 1154; *accord Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) ("The failure to do so results in the denial of the motion for fees."). "*Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases."[2] *Scott v. City of N.Y.*, 626 F.3d 130, 133 (2d Cir. 2010). District courts regularly deny fee applications on this ground alone. *See, e.g., Salamanca v. ABC Corp.*, No. 19 Civ. 1335, 2021 WL 3275902, at *9 (E.D.N.Y. July 15, 2021) ("Plaintiff provides no records as to attorney time worked in any of his motion papers or supporting affidavits. Accordingly, the Court respectfully recommends that Plaintiff's request for attorney's fees be denied."), *R&R adopted*, 2021 WL 3269089 (E.D.N.Y. July 30, 2021); *G&G Closed Circuit Events, LLC v. Batista*, No. 21-cv-7352, 2022 WL 1570943, at *2 (S.D.N.Y. May 18, 2022) (adopting R&R denying fee application "based on Plaintiff's failure to submit contemporaneous records"); *see also In re Navidea Biopharm. Litig.*, No. 19-

---

[2] These "rarest of cases" require an extraordinary set of circumstances unrelated to any failure of counsel to adduce the required records, "such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application." *Scott*, 626 F.3d at 134. Plaintiffs have not argued that any such circumstances exist, or offered any reason for their failure to provide the records required by *Carey* and its progeny.

5

cv-1578, 2021 WL 2323380, at *9-10 (S.D.N.Y. Apr. 21, 2021) (no recovery for fees paid to law firm where application had "no supporting attorney affidavit or declaration from any attorney with that firm").

Based upon *Carey* and its progeny, Plaintiffs' fee application should be denied in its entirety.

## POINT II

**In the alternative, the number of hours spent by Plaintiffs' counsel litigating this action should be reduced by a flat rate of more than 50% because they fail to provide the Court with billing records.**

In the alternative, Defendants request that the Court reduce the number of hours by more than 50% for each group of attorneys involved in litigating this case, as it would in cases where billing records were presented, but inadequate. In fact, "[c]ourts in this circuit presented with vague or incomplete billing records," have "consistently reduced the requested fee award by a fixed percentage." *New York v. Rac Holding, Inc.*, 135 F. Supp. 2d 359, 364 (N.D.N.Y. 2001). *See also John v. Demaio*, 2016 U.S. Dist. LEXIS 136339, 2016 WL 7469862, at *8 (E.D.N.Y. Sept. 29, 2016) ("Where entries on a time sheet are vague, duplicative, or otherwise insufficient, a court need not itemize individual entries as excessive; rather, it may make an across-the-board reduction, or percentage cut, in the amount of hours.") (cleaned up); *Optima Media Grp. Ltd. v. Bloomberg, L.P.*, 2022 U.S. Dist. LEXIS 61374, at *8 (S.D.N.Y. Mar. 31, 2022) (same).

Importantly, when plaintiffs present "vague" or "incomplete" billing records, courts have generally reduced the hours billed by anywhere between 10% and 40%. *See, e.g., Sheet Metal Workers' Nat'l Pension Fund v. Coverex Corp. Risk Sols.*, 2015 U.S. Dist. LEXIS 69146, at *41 (E.D.N.Y. May 28, 2015) (30% reduction to account for vague and incomplete billing records); *Devito v. Hempstead China Shop*, 831 F. Supp. 1037, 1045 (E.D.N.Y. 1993) ("In light of the duplication described, the insufficient descriptions of some of the work done and the necessity

6

for such work, the disallowance of travel time, and the overall sum achieved for the plaintiffs, the Court reduces the lodestar amount by forty percent."); *see also Francois v. Mazer*, 523 F. App'x 28, 29 (2d Cir. 2013) ("The district court, in imposing a 40% reduction in plaintiff's counsel's hours – a reduction which we deem to be reasonable under the circumstances – acted well within its discretion in awarding attorney's fees.").

If a 40% reduction is correct in circumstances where a plaintiff provides "vague" or "incomplete" or "insufficient" billing records to justify the number of hours spent, then reducing Plaintiffs' claimed hours by more than 50% is the minimum appropriate measure where both the Defendants and the Court are entirely in the dark about the appropriateness of the hours spent by Plaintiffs' counsel. For instance, did the Plaintiffs' counsel charge their full hourly rate for travel, which would be unjustified? *See Lewis v. City of Albany Police Dep't*, 554 F. Supp. 2d 297, 300 (N.D.N.Y. 2008) (hourly rate for travel time is one-half the regular hourly rate). Did Plaintiffs' counsel "block bill," which is also prohibited? *See Krause v. Kelahan*, 2022 U.S. Dist. LEXIS 19138, at *5 (N.D.N.Y. Feb. 2, 2022) ("Block billing, in which a timekeeper improperly lumps several discrete acts together into a single large time entry, obscures fee requests and makes it harder for courts to assess whether they are reasonable. … As a result, courts often assess blanket reductions where a party requesting fees engages in this practice."). Did Plaintiffs' counsel overstaff their legal projects, which is also forbidden? *See Brooks v. Roberts*, 501 F. Supp. 3d 103, 115 (N.D.N.Y. 2020) ("[A]n independent review of the billing records does show that some of the entries may fairly be characterized as devoting excessive time to certain tasks or duplicative in the sense that a team of lawyers were involved in an activity that could have been accomplished just as well with leaner staffing. Accordingly, a lesser across-the-board reduction of 30% will be applied to the fee award.").

As discussed above, the Plaintiffs' failure to submit any billing records whatsoever requires the Court to deny the Plaintiffs' fee application in its entirety, based on the controlling precedent of *Carey* and its progeny. Yet even if the Court were inclined to award fees, the hours should be reduced by more than 50% at an absolute minimum, in keeping with the appropriate measure for billing records that are inadequate, as opposed to nonexistent. *See, e.g., Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014) (approving "an across-the-board 50 percent reduction based on a perceived lack of detail in the billing records"); *Baim v. Notto*, 316 F. Supp. 2d 113, 122 (N.D.N.Y. 2003) ("[N]o mind-reading will here be employed. Because of the lack of specificity, … the disbursements going to these … fees will also be reduced by 50%."); *Perez v. Lasership, Inc.*, 2015 U.S. Dist. LEXIS 166758, at *21 (D. Conn. Dec. 14, 2015) ("The Court finds a 50% reduction to be more reflective of the deficiency in the DOL's time records and will reduce its reimbursable attorneys' fees as such."); *Young v. Cooper Cameron Corp.*, 2009 U.S. Dist. LEXIS 133365, at *20 (S.D.N.Y. Mar. 18, 2009) ("upon review of all of the submitted billing records, that a 50% reduction in the number of hours billed is justified").

## POINT III

**Plaintiffs' counsel seek excessive hourly rates that should be reduced to between $250 and $350 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals.**

Even if the Court were to excuse Plaintiffs' failure to provide billing records and award fees, the hourly rate they demand, which stretches as high as "$1,895.00 per hour," ECF No. 56-1 at 7, must be reduced to the rate courts have held appropriate for civil rights cases in the Northern District. In assessing whether a request for attorney's fees is reasonable, "[b]oth [the Second Circuit] and the Supreme Court have held that ... the product of a reasonable hourly rate

8

and the reasonable number of hours required by the case ... creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The resulting product "should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation." *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)).

"Naturally, this calculation depends on the hourly rates employed in the district in which the reviewing court sits." *Grant v. Lockett*, 2022 U.S. Dist. LEXIS 98312, at *4-5 (N.D.N.Y. June 2, 2022) (citing *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). These amounts are established by recent precedent: "[c]ourts in this district have recently determined hourly rates of: between $250 and $350 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals, to be reasonable." *Grant v. Lockett*, 2022 U.S. Dist. LEXIS 98312, at *4-5 (citing *Deferio v. City of Syracuse*, 2018 U.S. Dist. LEXIS 103596, 2018 WL 3069200, at *3 (N.D.N.Y. June 21, 2018)); *accord Moore*, 2021 WL 5493022 at *3-4.

According to a case decided in this District this year, *i.e.*, *Grant v. Lockett*, 2022 U.S. Dist. LEXIS 98312, at *6-7, which is cited directly above, an appropriate hourly rate for an experienced partner who successfully argued an appeal before the Second Circuit is $350. *Id.* That should be the limit here, too. *See Luessenhop v. Clinton Cty.*, 558 F. Supp. 2d 247, 258 (N.D.N.Y. 2008) ("the court must set a fee, which is adequate to attract competent counsel but not produce a windfall"). "Indeed, the district court (unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to

9

pay the least amount necessary to litigate the case effectively." *Arbor Hill*, 493 F.3d at 112.

*Osterweil v. Bartlett*, 92 F. Supp. 3d 14 (N.D.N.Y. 2015) is quite instructive here. In that case, the plaintiff challenged a New York gun statute asserting that it violated the Second Amendment. After success in the litigation, that plaintiff sought exorbitant attorney fees of up to $1,100 per hour for Paul D. Clement and $575 per hour for his partner Erin Murphy, as well as $185 per hour for paralegal work (among other fees sought). However, the Honorable Mae A. D'Agostino rejected these excessive fees, holding that although these attorneys "were well qualified to handle this action," and while that plaintiff "'cannot be faulted for wanting to retain counsel with the best possible reputation, it is not [Defendant]'s responsibility to compensate for such counsel based on higher out-of-district rates where [Plaintiff] has not shown that they were likely to produce a substantially better result than competent counsel in [this district] would produce for less – in this case, substantially less – money.'" *Osterweil*, 92 F. Supp. 3d at 27 (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 177 (2d Cir. 2009)). Judge D'Agostino pithily drove this point home by citing a Seventh Circuit case quoted in *Simmons*:

> As the Second Circuit has explained, "[i]f a high priced, out of town attorney renders services which local attorneys could do as well, and there is no other reason to have them performed by the former, then the judge ... m[ay] allow only an hourly rate which local attorneys would have charged for the same service." *Id*. (quoting *Chrapliwy v. Uniroyal, Inc*., 670 F.2d 760, 768 (7th Cir. 1982)). "The [non-prevailing party] should not be required to pay for a limousine when a sedan could have done the job." *Id*. at 177.

*Osterweil*, 92 F. Supp. 3d at 26 (quoting *Simmons*, 575 F.3d at 177). Judge D'Agostino then held that "the prevailing hourly rates for the Northern District of New York are the appropriate guide for reasonable hourly fees in this case." *Osterweil*, 92 F. Supp. 3d at 27. After stating that "Mr. Clement has unique expertise in federal appellate litigation of constitutional issues and more than twenty years of experience, including three years as the forty-third Solicitor General

10

of the United States," in 2015, Judge D'Agostino awarded him $300 per hour for his work, and $200 for his partner Ms. Murphy, who had approximately "nine years of legal experience." *Id*. at 28. The paralegals were awarded $80 per hour. *Id*.

Here, although Plaintiffs' counsel seek excessively high hourly rates for their work, they should be limited to a maximum of $350 per hour. *See Upstate N.Y. Eng'rs Health Fund v. Pumpcrete Corp.*, No. 5:21-cv-00344 (BKS/ML), 2022 U.S. Dist. LEXIS 119936, at *2-3 (N.D.N.Y. July 7, 2022) ("Plaintiffs request reimbursement at the following rates: $328.00 per hour for work by counsel in 2021; $346 per hour for work by counsel in 2022 ... . [T]he Court finds the requested rates for attorneys' fees to be reasonable.").

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' application in its entirety for failure to provide this Court with its billing records. Alternatively, the Court should substantially lower the Plaintiffs' attorney fee award to an award below $400,000.

Dated: Albany, New York
January 17, 2023

> LETITIA JAMES
> Attorney General
> State of New York
> *Attorney for Acting Superintendent Nigrelli and Justice McNally*
>
> By: *Michael McCartin*
> Michael G. McCartin, Of Counsel
> Assistant Attorney General | Special Counsel
> Bar Roll No. 511158
> The Capitol
> Albany, New York 12224
> Tel.: (518) 776-2620
> Michael.McCartin@ag.ny.gov

TO:   All counsel of record (via ECF)

11