IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., *et al.*, | )<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | )    Civil Action No. 1:18-cv-00134-BKS-ATB |
| STEVEN NIGRELLI, IN HIS OFFICIAL CAPACITY AS ACTING SUPERINTENDENT OF THE NEW YORK STATE POLICE, *et al.*, | )<br>)<br>)<br>)<br>)<br>) |
| *Defendants*. | ) |

**MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 42 U.S.C. § 1988(b) AND RULE 54(d)**

Under Local Rule 7.1(a)(2), Plaintiffs Brandon Koch, Robert Nash, and the New York State Rifle and Pistol Association, Inc., respectfully request the Court's permission to file the attached reply in support of their motion for an order awarding attorney's fees and costs. Plaintiffs' reply is warranted to address certain Defendants' misstatements regarding what Plaintiffs—the undisputed prevailing parties in this lawsuit—were required to submit with their motion for attorney's fees. The parties have an interest in fully briefing this dispositive legal issue. *See Newspaper Guild/CWA of Albany v. Hearst Corp.*, No. 1:09-CV-764 GLS\DRH, 2011 WL 541821, at *1 n. 1 (N.D.N.Y. Feb. 8, 2011).

In support of this motion, Plaintiffs' state as follows:

1.    Defendants' opposition argues that Plaintiffs' motion should be denied because Plaintiffs failed to submit with their motion evidentiary materials in support of their motion.

2.    Defendants' argument misstates the law. No authority requires a party moving for its fees and costs to provide supporting evidentiary materials with its motion. To the exact contrary,

Rule 54(d), the Advisory Committee's Notes to Rule 54, and case law from courts in this Circuit require that the motion contain only a "fair estimate" of the fees sought, allowing the moving party to then submit evidence supporting that fair estimate "in due course, according to such schedule as the court may direct." *See* Fed. R. Civ. P. 54(d) ("[T]he motion must[] . . . state the amount sought or provide a fair estimate of it."); Fed. R. Civ. P. 54 advisory committee's notes to 1993 amendment ("The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees and the amount of such fees (or a fair estimate)."); *Diaz v. Paragon Motors of Woodside, Inc.*, No. CV-03-6466 (CPS) (RML), 2008 WL 2004001 (E.D.N.Y. May 7, 2008) ("Although it is generally true that an affidavit must accompany a motion, the Advisory Committee Notes to Rule 54 make clear this is not required for motions for attorneys' fees. Accordingly, I will accept the motion as properly filed.").

3. Defendants do not dispute that Plaintiffs provided in their motion a "fair estimate" of the fees they seek or that Plaintiffs otherwise complied with Rule 54.

4. Plaintiffs respectfully request permission to file the attached reply brief to: (1) address Defendants' inaccurate legal argument; and (2) propose the following schedule for when Plaintiffs must submit evidentiary materials in support of their motion for attorney's fees and when Defendants may object to Plaintiffs' evidence:

- Plaintiffs' evidence in support of their fee application must be filed within 14 days from the entry of the Court's order granting Plaintiffs' motion;

- Defendants' objections to Plaintiffs' evidence must be filed within 14 days after Plaintiffs submit evidence in support of their fee application;

- Plaintiffs' reply must be filed within 14 days after Defendants file their objections.

5. Defendants will not be prejudiced by the Court's consideration of Plaintiffs' reply, which merely notes that there is no dispute that Plaintiffs are the prevailing parties and explains Plaintiffs' obligations under Rule 54.

## CONCLUSION

For the foregoing reasons, the Court should permit Plaintiffs to file the attached reply in support of its motion for motion for an order awarding attorney's fees and costs and accept Plaintiffs' reply as filed.

Dated: January 24, 2023

Respectfully submitted,

/s/ John Parker Sweeney
John Parker Sweeney
James W. Porter, III
Marc A. Nardone
Connor M. Blair
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: 205-521-8000
jsweeney@bradley.com

*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2023, I electronically filed the foregoing with the Clerk of the Count using the CM/ECF system, and I hereby certify that service will be accomplished by the CM/ECF system on all parties or their counsel.

Dated: January 24, 2023	*/s/ John Parker Sweeney*
John Parker Sweeney

*Counsel for Plaintiffs*