IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>STEVEN NIGRELLI, IN HIS OFFICIAL CAPACITY AS ACTING SUPERINTENDENT OF THE NEW YORK STATE POLICE, *et al.*, )<br>)<br>*Defendants*. ) | Civil Action No. 1:18-cv-00134-BKS-ATB |

**REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 42 U.S.C. § 1988(b) AND RULE 54(d)**

Plaintiffs Brandon Koch, Robert Nash, and the New York State Rifle and Pistol Association, Inc., submit this Reply in support of their motion for an order awarding attorney's fees and costs.

Rule 54 requires prevailing parties, like Plaintiffs, to submit their motion for attorney's fees no later than 14 days after the entry of judgment. No authority requires a moving party to provide supporting evidentiary materials at the time it files the motion. To the exact contrary, Rule 54(d), the Advisory Committee's Notes to Rule 54, and case law from courts in this Circuit require that the motion contain only a "fair estimate" of the fees sought, allowing the moving party to then submit evidence supporting that fair estimate "in due course, according to such schedule as the court may direct."

Defendants do not dispute that Plaintiffs complied with Rule 54's requirements. Defendants instead argue that Plaintiffs' motion should be denied because they failed to provide evidentiary materials that are not yet due. Consistent with Rule 54, Plaintiffs will submit these

materials in due course, according to such schedule as this Court may direct. For the reasons detailed below, Plaintiffs' attorneys charged reasonable rates and expended a reasonable number of hours prosecuting this case.

### I. Defendants do not dispute that Plaintiffs are the prevailing party and are entitled to request attorney's fees under 42 U.S.C. § 1988.

Defendants agree that Plaintiffs obtained a judgment in their favor, which came as a result of the Supreme Court's decision in this matter, providing Plaintiffs relief on the merits of their claim that materially altered the legal relationship between the parties by ordering Defendants' to modify their behavior in a way that directly benefitted Plaintiffs. Opp., at 2. Nor could they: the Supreme Court held that "New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2156 (2022). There is no dispute that Plaintiffs are prevailing parties.

### II. Defendants do not dispute that Plaintiffs complied with Rule 54.

Unable to dispute that Plaintiffs are entitled to attorney's fees, Defendants argue that Plaintiffs submitted insufficient evidence to support the award to which they are entitled. Opp., at 4–6. Defendants' argument is contrary to Rule 54, the Advisory Committee's Notes to Rule 54's 1993 amendment, and case law from courts in this Circuit.

Rule 54(d)(iii) requires the prevailing party's motion only to "state the amount sought or provide a fair estimate of it." The Advisory Committee's Notes to the 1993 amendment to Rule 54 confirm that Rule 54:

> does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees and the amount of such fees (or a fair estimate).

2

*See* Fed. R. Civ. P. 54 advisory committee's notes to 1993 amendment. Courts in this Circuit have further confirmed that "the Advisory Committee Notes for Rule 54(d) . . . explicitly distinguish between a motion for attorney's fees and material used to set the amount of attorney's fees." *ComLab, Corp. v. Kal Tire*, No. 17-CV-1907 (PKC) (OTW), 2019 WL 2144307, at *2 (S.D.N.Y. Apr. 18, 2019), *report and recommendation adopted*, No. 17-CV-1907 (PKC) (OTW), 2019 WL 2137135 (S.D.N.Y. May 16, 2019), *aff'd sub nom*. ComLab, Corp. v. Tire, 815 F. App'x 597 (2d Cir. 2020). A movant "complie[s] with Rule 54 merely by filing a simple document informing the court and defendant that they [a]re seeking attorney's fees pursuant to § 1988, and a 'fair estimate' of the amount of th[o]se fees." *44 Liquormart, Inc. v. Rhode Island.*, 940 F. Supp. 437, 443 (D.R.I. 1996).

The case Defendants principally rely upon, *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983), pre-dates the Advisory Committee's Notes to the 1993 amendment and does not require a movant to submit evidentiary materials (*i.e.*, contemporaneous time records) at the time it files the motion. It instead stands only for the principle that a motion for attorney's fees must be supported *at some point* with contemporaneous time records. *Id*. at 1148; *accord Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 149 (2d Cir. 2014) ("So long as an attorney made contemporaneous entries as the work was completed, and that [her] billing was based on these contemporaneous records, *Carey* is satisfied." (quotation marks omitted)). This interpretation is bolstered by the Advisory Committee's Notes, which expressly allow movants to submit evidentiary materials after filing the motion.

No Court in this Circuit has read *Carey* to require evidentiary evidence at the time the motion is filed. The Eastern District of New York, in *Diaz v. Paragon Motors of Woodside, Inc*., No. CV-03-6466 (CPS) (RML), 2008 WL 2004001 (E.D.N.Y. May 7, 2008), has rejected this

3

argument. In *Diaz*, the movant satisfied Rule 54's requirements by filing a mere "notice of its intent to seek attorneys' fees," which provided a fair estimate of the fees sought but provided no evidentiary support in support of the motion. *Id*. at *3. The movant later provided the necessary evidentiary support. *Id*. at *2. The Court rejected the argument that the motion was deficient for not including evidentiary support at the time the motion was filed: "Although it is generally true that an affidavit must accompany a motion, the Advisory Committee Notes to Rule 54 make clear this is not required for motions for attorneys' fees. Accordingly, I will accept the motion as properly filed." *Id*. (footnote omitted).

Against this backdrop, it is no surprise that Defendants cite no case in which a motion for fees was rejected because the movant complied with Rule 54 but did not attach evidentiary materials to the motion. One of the cases Defendants rely on, *Salamanca v. ABC Corp.*, No. 19-cv-1335 (WFK) (SIL), 2021 WL 3275902, at *9 (E.D.N.Y. July 15, 2021), *report and recommendation adopted*, No. 19-cv-1335 (WFK) (SIL), 2021 WL 3269089 (E.D.N.Y. July 30, 2021), confirms that the movant may "provide[] . . . records as to attorney time worked in any of his motion papers or supporting affidavits." This is because Plaintiffs' "evidence [may] be 'submitted in due course,' pursuant to a schedule set by the Court." *Hargroves v. City of New York*, No. 03-CV-1668 (RRM) (VMS), 2014 WL 1270585, at *6 (E.D.N.Y. Jan. 6, 2014), *report and recommendation adopted*, No. 03-CV-1668 (RRM) (VMS), 2014 WL 1271039 (E.D.N.Y. Mar. 26, 2014).

In sum, Defendants do not dispute that Plaintiffs complied with Rule 54. There is no reason for the Court to deny Plaintiffs' motion outright or reduce by a flat rate the fees to which Plaintiffs are entitled. This Court should recognize that there is no dispute that Plaintiffs are entitled to

attorney's fees and proceed to the next step in the procedural process, *i.e.*, setting an evidentiary briefing schedule and a hearing on any disputes. Plaintiffs propose the following schedule:

- Plaintiffs' evidence in support of their fee application must be filed within 14 days from the entry of the Court's order granting Plaintiffs' motion;
- Defendants' objections to Plaintiffs' evidence must be filed within 14 days after Plaintiffs submit evidence in support of their fee application;
- Plaintiffs' reply must be filed within 14 days after Defendants file their objections.

### III.  Plaintiffs request a reasonable fee.

The parties agree that the lodestar approach governs Plaintiffs' fee application, whereby the product of a reasonable hourly rate and the reasonable number of hours required by the case creates a presumptively reasonable fee. Opp., at 3–4 (collecting cases). Defendants do not dispute that Plaintiffs spent a reasonable number of hours in the case. Defendants argue only that Plaintiffs' attorney's rates exceed those of attorneys in this District. Opp., at 9-11.

Defendants do not dispute that the forum rule does not apply when the prevailing party makes "a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 176 (2d Cir. 2009).

Nor do Defendants dispute that Plaintiffs have made this particularized showing. As an initial matter, the selection of out-of-district attorneys was predicated on experience-based, objective factors. In this sophisticated constitutional-law action, Plaintiffs justifiably retained experienced attorneys from outside the forum district. Plaintiffs' attorneys' hourly rates for this work are what a reasonable, paying client would be willing to pay, given that such a party wishes

5

to spend the minimum necessary to litigate the case effectively. The successful prosecution of this lawsuit required litigation before the Supreme Court of the United States for the reversal of binding Second Circuit precedent. Plaintiffs obtained a groundbreaking decision from the Supreme Court in an area of Second Amendment jurisprudence on which that Court had not yet opined. To obtain that result, Plaintiffs' only viable option was to employ attorneys experienced in litigating Second Amendment matters before the Second Circuit and Supreme Court.

Use of in-district attorneys likely would not have produced this result. The attorneys that worked on this matter undeniably have extensive experience in briefing and arguing constitutional matters in federal court, which was necessary to achieve the result they did. Plaintiffs challenged N.Y. Penal Law § 400.00(2)(f) as violative of the Second Amendment. Defendants do not dispute that:

- few in-district attorneys regularly practice Second Amendment litigation and even fewer practice this constitutional litigation on behalf of plaintiffs against government entities;
- even fewer in-district attorneys have briefed or argued Second Amendment cases before the Second Circuit and the Supreme Court, like the attorneys Plaintiff selected; and
- no in-district attorneys have the experience necessary for Plaintiffs' challenge.

To prevail as Plaintiffs did, they had no choice but to select attorneys located outside this District. The attorneys selected by Plaintiffs possess the experience-based, objective factors that caused Plaintiffs to prevail. By contrast to attorneys within this District, Plaintiffs' attorneys have experience challenging dozens of laws as violative of the Second Amendment, having argued these issues multiple times before the Supreme Court and many more times in the various federal circuits.

The key consideration for determining a reasonable rate is "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005); *see also Nautilus Neurosciences, Inc. v. Fares*, 13 Civ. 1078 (SAS), 2014 WL 1492481, at *1 (S.D.N.Y. Apr. 16, 2014) (applying *Farbotko*). Although that analysis ordinarily turns on prevailing rates "in the community," *i.e.*, "the district where the district court sits," *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008), that is not true, like here, "in a case requiring special expertise" where "no in-district counsel possessed such expertise," *Simmons.*, 575 F.3d at 176. As Plaintiffs have demonstrated, *supra* at 5–6, the success of Plaintiff's Second Amendment challenge depended on the retention of nationally recognized experts in the field of Second Amendment litigation. No in-district counsel had similar experience.

In addition, Plaintiff's rates are reasonable because they are comparable to those of other civil rights attorneys in New York's various federal judicial districts. *See, e.g.*, *Schwartz v. U.S. Drug Enf't Admin.*, No. 13-CV-5004 (CBA) (ST), 2019 WL 1299192, at *9 (E.D.N.Y. March 1, 2019) (awarding $500 hourly fee to partner litigating FOIA issues and listing awards of between $500 and $655 per hour for partners handling complex litigation), *report and recommendation adopted*, No. 13-CV-5004 (CBA) (ST) 2019 WL 1299660 (E.D.N.Y. Mar. 21, 2019). Indeed, "[t]he highest rates . . . are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields." *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012). Plaintiff's attorneys certainly fit that mold.

Defendants do not dispute the sophistication or significance of this case or the necessity for Plaintiffs to choose the attorneys they did. Plaintiffs achieved at the Supreme Court a

7

groundbreaking opinion on both the scope of the Second Amendment's protections *and* the analytical framework for challenges to laws infringing conduct protected by the Second Amendment—overturning controlling analysis and precedent in almost every circuit. Plaintiffs' successes would not have been possible had Plaintiffs not retained the attorneys it did.

Defendants' reliance on *Osterweil v. Bartlett*, 92 F. Supp. 3d 14 (N.D.N.Y. 2015), is misplaced because this case is not like *Osterweil*. There, a single plaintiff brought an as-applied challenge to a New York statute's domicile requirement as violative of the Second Amendment. *Id*. at 21. The case ultimately resolved on a matter of statutory interpretation. *Id*. at 22 (as a matter of statutory interpretation the challenged law did not impose a domicile requirement). The Second Circuit "declined to reach the constitutional question." *Id*. The case did not reach the Supreme Court. The Court denied the plaintiff's attorneys their full fees because they did not demonstrate that local attorneys could not have successfully prosecuted plaintiffs' relatively simple case. *Id.* at 27. Plaintiffs here, in stark contrast, have demonstrated that local attorneys could not have successfully prosecuted their sophisticated case involving novel issues of constitutional law. *Supra* at 5–6. Unlike in *Osterweil*, which is of no relevance here, Plaintiffs are entitled to their full fees.

The hours Plaintiffs' attorneys spent successfully challenging N.Y. Penal Law § 400.00(2)(f) are reasonable, given the unusual legal and factual circumstances of this case and because the case lasted several years and was litigated zealously by Defendants. *See Carey*, 711 F.2d at 1142, 1146 (upholding an award based on 11,034 hours reasonably expended on a multi-year civil-rights case).

### IV. Defendants do not dispute that Plaintiffs are entitled to the costs including fees incurred in making this application.

The time spent preparing the fee application is compensable as part of the attorney's fees to be awarded. *Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1183 (2d Cir. 1996)

8

("[A]ttorneys' fees for the preparation of the fee application are compensable."). The fees related to preparation of this application are included in the $1,269,232.13 fair estimate of what Plaintiffs should be awarded.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion and set an evidentiary briefing schedule and a hearing on any disputes. Plaintiffs propose the following schedule:

- Plaintiffs' evidence in support of their fee application must be filed within 14 days from the entry of the Court's order granting Plaintiffs' motion;
- Defendants' objections to Plaintiffs' evidence must be filed within 14 days after Plaintiffs submit evidence in support of their fee application;
- Plaintiffs' reply must be filed within 14 days after Defendants file their objections.

Dated: January 24, 2023                                   Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney
James W. Porter, III
Marc A. Nardone
Connor M. Blair
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: 205-521-8000
jsweeney@bradley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2023, I electronically filed the foregoing with the Clerk of the Count using the CM/ECF system, and I hereby certify that service will be accomplished by the CM/ECF system on all parties or their counsel.

Dated: January 24, 2023  /s/ *John Parker Sweeney*
John Parker Sweeney

*Counsel for Plaintiffs*