## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Civil Action No. 1:18-cv-00134-BKS-ATB |
| STEVEN NIGRELLI, IN HIS OFFICIAL CAPACITY AS ACTING SUPERINTENDENT OF THE NEW YORK STATE POLICE, *et al.*, | ) ) ) ) ) | |
| *Defendants*. | ) | |

### DECLARATION OF KATHLEEN McCAFFREY BAYNES

KATHLEEN McCAFFREY BAYNES declares under penalty of perjury that the following is true and correct:

1.      I am the Member of Kathleen McCaffrey Baynes, Esq., PLLC. Along with attorneys from the law firms of Cooper & Kirk PLLC, Bradley Arant Boult Cummings LLP, and Kirkland & Ellis LLP, I represented Plaintiffs in this action. I am familiar with the facts and circumstances pertaining to this action. This declaration is submitted in support of Plaintiffs' motion for an award of attorney's fees and costs as the prevailing party pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d). I am over the age of 18 years and competent to testify to the matters set forth herein.

2.      Through this declaration and its supporting affidavits, Plaintiffs request an award of $16,027.00 ($14,905.00 in attorney's fees and $1,122.00 in costs).

3.      Plaintiffs are the prevailing parties in this action because this Court entered judgment in favor of Plaintiffs (ECF Doc. No. 54), after the Supreme Court of the United States provided Plaintiffs relief on the merits of their claim, holding that "New York's proper cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with

ordinary self-defense needs from exercising their right to keep and bear arms." *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2156 (2022). Defendants have not disputed that Plaintiffs are the prevailing parties.

4.     I obtained my J.D. from Albany Law School in 1993 and my B.A. from the University of Notre Dame du Lac in 1990. I am a member of the Bar of New York; the Bar of the United States Court of Appeals for the Second Circuit; the Bars of the United States District Courts for the Northern District of New York, Southern District of New York and Western District of New York; and the Bar of the United States Bankruptcy Court for the Northern District of New York.

5.     I have successfully tried cases and handled appeals in state and federal courts throughout New York. After more than 20 years at a large litigation firm, I founded my own practice in Albany, New York, in 2017 and have continued my litigation practice continuously since then.  I have also been Of Counsel to the firm of Slevin & Associates PLLC since June of 2018 and handle litigated matters and administrative proceedings for that firm.

## FACTUAL BACKGROUND

6.     Plaintiffs Brandon Koch and Robert Nash are law-abiding citizens of New York whose applications for unrestricted concealed-carry licenses were denied under N.Y. Penal Law § 400.002(f), which restricted the right to carry firearms outside the home to those who could satisfy a licensing official that they had "proper cause" to exercise that right. Plaintiff New York State Rifle & Pistol Association, Inc., is a public-interest group that works to defend the Second Amendment rights of New Yorkers. Its membership includes law-abiding citizens of New York whose applications for unrestricted concealed-carry licenses were denied under § 400.002(f).

7.      On February 1, 2018, Plaintiffs filed this action challenging the constitutionality of N.Y. Penal Law § 400.00(2)(f). (ECF Docs. 1, 31.) Plaintiffs sought a declaration that § 400.002(f) was unconstitutional and an injunction against its enforcement. (*Id.*) On December 17, 2018, the District Court granted Defendants' Motion to Dismiss and entered judgment in their favor. (ECF Docs. 32, 33.) On appeal, the United States Court of Appeals for the Second Circuit affirmed the District Court's judgment because, under established circuit precedent, "New York's proper cause requirement does not violate the Second Amendment." 818 F. App'x 99, 100 (2d Cir. 2020).

8.      The Supreme Court of the United States granted *certiorari* to decide whether New York's "denial of [Koch's and Nash's] applications for concealed-carry licenses for self-defense violated the Second Amendment." 141 S. Ct. 2566.

9.      On the merits, the Supreme Court held that "New York's proper cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." 142 S. Ct. at 2156. The Court then "reverse[d] the judgment of the Court of Appeals and remand[ed] the case for further proceedings consistent with this opinion." *Id.*

10.     Underscoring the constitutional complexity and importance of this case, the Supreme Court rejected "may issue" proper-cause precedents from Courts of Appeals across the country. *Id.* at 2124; *see Gould v. Morgan*, 907 F.3d 659 (1st Cir. 2018); *Kachalsky v. Cnty. of Westchester*, 701 F.3d 81 (2d Cir. 2012); *Drake v. Filko*, 724 F.3d 426 (3d Cir. 2013); *United States v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011); *Young v. Hawaii*, 922 F.3d 765 (9th Cir. 2021) (*en banc*). The Court also rejected Courts of Appeals' widespread use of "a 'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny." *Bruen*, 142 S. Ct. 2126–30; *see, e.g.*, *Worman v. Healey*, 922 F.3d 26 (1st Cir. 2019);

*Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106 (2d Cir. 2020); *Association of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. of N.J.*, 910 F.3d 106 (3d Cir. 2018); *Harley v. Wilkinson*, 988 F.3d 766 (4th Cir. 2021); *National Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 700 F.3d 185 (5th Cir. 2012); *United States v. Greeno*, 679 F.3d 510 (6th Cir. 2012); *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019); *Young v. Hawaii*, 992 F.3d 765 (9th Cir. 2021) (*en banc*); *United States v. Reese*, 627 F.3d 792 (10th Cir. 2010); *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244 (11th Cir. 2012); *United States v. Class*, 930 F.3d 460 (D.C. Cir. 2019).

11.     Underscoring the significance of Plaintiffs' victory, the Supreme Court's landmark decision overhauled lower courts' Second Amendment analytical frameworks because those courts had strayed from the framework the Supreme Court set forth in earlier Second Amendment cases. *See District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

12.     On remand to the Second Circuit, the Second Circuit "vacate[d] the judgment of the district court and remand[ed] this case for further proceedings consistent with the Supreme Court's decision." (ECF Doc. 42.)

13.     On November 17, 2022, this Court entered judgment in Plaintiffs' favor. (ECF Doc. 54.)

## APPLICATION FOR ATTORNEY'S FEES

14.     I served as Plaintiffs' designated local counsel in this action. In that role, I participated in strategic development; conducted legal research; drafted, edited, reviewed and filed pleadings, motions, briefs and other papers.  I continue to represent Plaintiffs as local counsel following remand to the Second Circuit and to this Court.

15.     In my experience as a litigator in a large law firm and as the proprietor of my own firm, I have become familiar with the economics of law practice, billing rates, the setting and collection of legal fees in complex litigation and risks and necessary costs in litigation comparable to the instant action. I am also familiar with the manner in which Kathleen McCaffrey Baynes, Esq., PLLC, maintains and generates its billing records. I have personal experience negotiating fee arrangements with sophisticated consumers of legal services and regularly representing clients on an hourly rate basis in similar complex litigation matters.

16.     The attached itemization of time I spent representing Plaintiffs in this action is based on records made contemporaneously at the time the work was completed or the expense was incurred. (*See* Invoices attached hereto as Exhibit A.) The itemization reflects my reasonable hourly rate ($275.00 per hour) and time I necessarily spent, personally, in this action.

17.     I charged Plaintiffs for 54.2 hours of my work at $275.00 per hour, for a total amount of $14,905.00, which represents a reasonable award in light of all the facts and circumstances surrounding Plaintiffs' successful constitutional challenge.

18.     In addition to the need for counsel with special expertise in the field of complex Second Amendment litigation, Plaintiffs' successful prosecution of this action required local counsel who is well-versed and experienced with local rules and practices.

19.     My rate ($275.00) reflects that which a reasonable, paying client would be willing to pay. My rate is also consistent with attorney's fee awards in litigation that did not warrant the application of out-of-district rates. *See, e.g.*, *Grant v. City of Syracuse*, 357 F. Supp. 3d 180, 203 (N.D.N.Y. 2019) ("For senior attorneys with more than ten years of experience, the Northern District has found that an hourly rate within the range of $ 250 to $ 350 is appropriate.").

20.     Plaintiffs also request an award of taxable costs incurred by Kathleen McCaffrey Baynes, Esq., PLLC, on behalf of Plaintiffs in the amount of $1,122.00. Plaintiffs submit a Bill of Costs, Itemization of Costs of Kathleen McCaffrey Baynes, Esq., PLLC, Affidavit of Kathleen McCaffrey Baynes and supporting documentation hereto as Exhibit B.

21.     I submit that the request for $16,027.00 ($14,905.00 in attorney's fees and $1,122.00 in costs)—as outlined in Exhibits A and B—is reasonable in light of all the facts and circumstances surrounding the Plaintiffs' challenge and the lawsuit which resulted in judgment in the Plaintiffs' favor by this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this February 6th, 2023.

Kathleen McCaffrey Baynes
Kathleen McCaffrey Baynes, Esq., PLLC
1826 Western Avenue
Albany, N.Y. 12203
Phone: (518) 641-0401
kmb@kmbaynes.com
Bar Roll No.:  507154

6

**CERTIFICATE OF SERVICE**

I hereby that on February 9, 2023, I electronically filed the foregoing with the Clerk of the

Count using the CM/ECF system, and I hereby certify that service will be accomplished by the

CM/ECF system on all parties or their counsel. I further certify that a copy of the foregoing and

its attachments were served via email to the following:

Kelly L. Munkwitz
Michael G. McCartin
OFFICE OF NEW YORK STATE
ATTORNEY GENERAL – ALBANY
The Capitol
Albany, NY 12224
Telephone: (518) 776-2626
Kelly.munkwitz@ag.ny.gov
Michael.mccartin@ag.ny.gov

*Counsel for Defendants*


Dated: February 9, 2023                                    */s/ John Parker Sweeney*
                                                            John Parker Sweeney

                                                            *Counsel for Plaintiffs*