# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> STEVEN NIGRELLI, IN HIS OFFICIAL CAPACITY AS ACTING SUPERINTENDENT OF THE NEW YORK STATE POLICE, *et al.* <br><br> *Defendants*. | Civil Action No. <br> 1:18-cv-00134-BKS-ATB |

## DECLARATION OF DAVID H. THOMPSON

DAVID H. THOMPSON declares under penalty of perjury that the following is true and correct.

1. I am the Managing Partner of the law firm Cooper & Kirk PLLC ("Cooper & Kirk"). Along with other Cooper & Kirk attorneys and attorneys from the law firms of Kathleen McCaffrey Baynes, Esq., PLLC, Bradley Arant Boult Cummings LLP, and Kirkland & Ellis LLP, I represented Plaintiffs in this action. I am familiar with the facts and circumstances pertaining to this action. This declaration is submitted in support of Plaintiffs' motion for an award of attorney's fees and costs as the prevailing party pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d). I am over the age of 18 years and competent to testify to the matters set forth herein.

2. Plaintiffs request $95,147.77 in attorney's fees for work done by Cooper & Kirk personnel.

3. Plaintiffs are the prevailing parties in this action because this Court entered judgment in favor of Plaintiffs, (ECF Doc. No. 54), after the Supreme Court of the United States provided Plaintiffs relief on the merits of their claim, holding that "New York's proper cause

1

requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2156 (2022). Defendants have not disputed that Plaintiffs are the prevailing parties.

4. I graduated from Harvard Law School, J.D., *cum laude*, 1994, and from Harvard University, A.B., *magna cum laude*, 1991. I am a member of the Bars of New York and the District of Columbia; the Bar of the Supreme Court of the United States; the Bars of the United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, D.C., and Federal Circuits; the Bar of the United States Court of Federal Claims; and the Bars of the United States District Courts for the District of Colorado, District of Columbia, and Northern District of Florida.

5. I have extensive trial and appellate experience in a wide range of matters. As relevant here, I have represented plaintiffs in Second Amendment civil rights matters in cases before the United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, and D.C. Circuits, in related District Courts, and in numerous state courts. More generally, I have argued before the United States Supreme Court, each of the 13 federal courts of appeals, many federal district courts, and in many state courts.

**FACTUAL BACKGROUND**

6. Plaintiffs Brandon Koch and Robert Nash are law-abiding citizens of New York whose applications for unrestricted concealed-carry licenses were denied under N.Y. Penal Law § 400.002(f), which restricted the right to carry firearms outside the home to those who could satisfy a licensing official that they had "proper cause" to exercise that right. Plaintiff New York

2

State Rifle & Pistol Association, Inc., is a public-interest group that works to defend the Second Amendment rights of New Yorkers. Its membership includes law-abiding citizens of New York whose applications for unrestricted concealed-carry licenses were denied under § 400.002(f).

7.  On February 1, 2018, Plaintiffs filed this action challenging the constitutionality of N.Y. Penal Law § 400.00(2)(f). (ECF Docs. 1, 31). Plaintiffs sought a declaration that § 400.002(f) was unconstitutional and an injunction against its enforcement. (*Id.*). On December 17, 2018, the District Court granted Defendants' Motion to Dismiss and entered judgment in their favor. (ECF Docs. 32, 33). On appeal, the United States Court of Appeals for the Second Circuit affirmed the District Court's judgment because, under established circuit precedent, "New York's proper cause requirement does not violate the Second Amendment." 818 F. App'x 99, 100 (2d Cir. 2020).

8.  The Supreme Court of the United States granted certiorari to decide whether New York's "denial of [Koch's and Nash's] applications for concealed-carry licenses for self-defense violated the Second Amendment." 141 S. Ct. 2566.

9.  On the merits, the Supreme Court held that "New York's proper cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." 142 S. Ct. at 2156. The Court then "reverse[d] the judgment of the Court of Appeals and remand[ed] the case for further proceedings consistent with this opinion." *Id.*

10. Underscoring the constitutional complexity and importance of this case, the Supreme Court rejected "may issue" proper-cause precedents from Courts of Appeals across the country. *Id.* at 2124; *see Gould v. Morgan*, 907 F.3d 659 (1st Cir. 2018); *Kachalsky v. Cnty. of Westchester*, 701 F.3d 81 (2d Cir. 2012); *Drake v. Filko*, 724 F.3d 426 (3d Cir. 2013); *United States v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011); *Young v. Hawaii*, 922 F.3d 765 (9th Cir.

2021) (en banc). The Court also rejected Courts of Appeals' widespread use of "a 'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny." *Bruen*, 142 S. Ct. 2126–30; *see, e.g.*, *Worman v. Healey*, 922 F.3d 26 (1st Cir. 2019); *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106 (2d Cir. 2020); *Association of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. of N.J.*, 910 F.3d 106 (3d Cir. 2018); *Harley v. Wilkinson*, 988 F.3d 766 (4th Cir. 2021); *National Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 700 F.3d 185 (5th Cir. 2012); *United States v. Greeno*, 679 F.3d 510 (6th Cir. 2012); *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019); *Young v. Hawaii*, 992 F.3d 765 (9th Cir. 2021) (*en banc*); *United States v. Reese*, 627 F.3d 792 (10th Cir. 2010); *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244 (11th Cir. 2012); *United States v. Class*, 930 F.3d 460 (D.C. Cir. 2019).

11.   Underscoring the significance of Plaintiffs' victory, the Supreme Court's landmark decision overhauled lower courts' Second Amendment analytical frameworks because those courts had strayed from the framework the Supreme Court set forth in earlier Second Amendment cases. *See District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

12.   On remand to the Second Circuit, the Second Circuit "vacate[d] the judgment of the district court and remand[ed] this case for further proceedings consistent with the Supreme Court's decision." (ECF Doc. 42).

13.   On November 17, 2022, this Court entered judgment in Plaintiffs' favor. (ECF Doc. 54).

**APPLICATION FOR ATTORNEY'S FEES**

14. Cooper & Kirk's work on behalf of Plaintiffs in this action focused largely on strategic development and the initiation of the action; motions practice in the District Court; and briefing before the Second Circuit.

15. In my experience as the Managing Partner of Cooper & Kirk and as lead counsel in Second Amendment litigation in federal trial and appellate courts, I have become familiar with the economics of law practice, billing rates, the setting and collection of legal fees in complex Second Amendment litigation, and risks and necessary costs in litigation comparable to the instant action. I am also familiar with the manner in which Cooper & Kirk maintains its business records and generates its billing records. I have personal experience negotiating fee arrangements with sophisticated consumers of legal services and regularly representing clients on an hourly rate basis in similar complex litigation matters. This personal experience includes working with clients who wish to challenge state laws and regulations that are contrary to the Second Amendment.

16. The attached itemization of time spent by Cooper & Kirk personnel representing Plaintiffs in this action is based on records made contemporaneously at the time the work was completed or the expense was incurred. (*See* Invoices attached hereto as Exhibit A). The itemization reflects the reasonable hourly rates and time necessarily spent by Bradley personnel in this action. As set forth below and supported by Exhibit A, Plaintiffs request $95,147.77 in attorney's fees for work done by Cooper & Kirk personnel, which represents a reasonable award in light of all the facts and circumstances surrounding Plaintiffs' successful constitutional challenge.

17. My work in this action included strategic development as well as organization and review of briefs and other papers in the District Court and the Second Circuit. Cooper & Kirk

5

charged Plaintiffs for 5.9 hours of my work at rates between $895–$1095 per hour, for a total amount of $5,412.77,[1] an effective hourly billing rate of $917.42.

18.     From the inception of Cooper & Kirk's work in this action, I personally supervised and managed the work of Cooper & Kirk attorneys and other professionals. I have endeavored to keep the number of personnel assigned to this case to the minimum reasonably necessary to serve Plaintiffs' needs efficiently. Likewise, I have endeavored to make work assignments appropriate to each attorney's or professional's level of experience and expertise.

19.     Cooper & Kirk attorneys who performed services for Plaintiffs and for whose work Plaintiffs seek reimbursement in this application are listed below.

20.     **Charles J. Cooper** is a founding member and the chairman of Cooper & Kirk, PLLC.  Mr. Cooper has over 40 years of legal experience in government service and private practice.  He has argued nine cases before the United States Supreme Court and scores of appeals before each of the 13 federal courts of appeals and several state supreme courts. He has been lead trial counsel in numerous complex, weeks-long trials in federal courts throughout the country. He is a member of the Alabama, Georgia, and District of Columbia bars, as well as the bars of the U.S. Supreme Court, all 13 federal circuit courts of appeals, and many federal district courts.

Mr. Cooper received his B.S. from the University of Alabama School of Business Administration in 1974 (with Honors).  After graduating from the University of Alabama School of Law in 1977, where he ranked first in his class and served as Editor-in-Chief of the Alabama Law Review, Mr. Cooper began his career as a law clerk to Judge Paul Roney on the Fifth Circuit Court of Appeals and to Justice William H. Rehnquist in 1978–79. He then practiced law in Atlanta

---

[1] This total accounts for my pro-rata allocation 15% discounts applied to Cooper & Kirk's April 2019, May 2019, and June 2019 invoices. (Ex. A, at 38–54).

6

for two years before joining the Civil Rights Division of the U.S. Department of Justice, where he served as the Deputy Assistant Attorney General in charge of, among other things, appellate matters. In 1985 President Reagan appointed him to the position of Assistant Attorney General for the Office of Legal Counsel, which is the office responsible for providing legal opinions and advice to the White House, the Attorney General, and Executive Branch departments and agencies on issues covering the full spectrum of federal constitutional, statutory, and regulatory law.

Mr. Cooper's work in this action included review of Second Amendment caselaw and strategic development. Cooper & Kirk charged Plaintiffs for 1.9 hours of Mr. Cooper's work at $1125 per hour, for a total amount of $2,137.50.

21.    **Howard C. Nielson, Jr.** is currently a United States district judge of the United States District Court for the District of Utah, and was with Cooper & Kirk from 2005 through 2019. Mr. Nielson received his Bachelor of Arts with university honors and *summa cum laude* from Brigham Young University in 1992. He was a Mombusho scholar at the Kobe University Graduate School of Law in Japan from 1992 to 1994. And received his Juris Doctor with high honors from the University of Chicago Law School in 1997, where he was elected to Order of the Coif and served as articles editor of the *University of Chicago Law Review*.

Earlier in his career, he served as a law clerk to Judge J. Michael Luttig of the United States Court of Appeals for the Fourth Circuit and then to Justice Anthony Kennedy of the Supreme Court of the United States. From 2001 to 2005, Nielson served in the United States Department of Justice, first as counsel to the Attorney General and later as Deputy Assistant Attorney General in the Office of Legal Counsel. He has taught courses in constitutional litigation, national security law, foreign relations law, and federal courts as a Distinguished Lecturer at the J. Reuben Clark Law School at Brigham Young University.

Mr. Nielson's work in this action included strategic development. Cooper & Kirk charged Plaintiffs for one half hour of Mr. Nielson's work at $715 per hour, for a total amount of $357.50

22. **John D. Ohlendorf's** litigation experience is wide-ranging, but it includes a particular focus on constitutional law and suits against the government. He has litigated multiple claims involving the separation of powers, the Appointments Clause, freedom of speech, the Second Amendment, the Due Process Clause, the Equal Protection Clause, and the Takings Clause. He has been heavily involved in over thirty matters defending the right to keep and bear arms, and he was Counsel of Record on an amicus brief in *New York State Rifle & Pistol Association v. Bruen*, a recent Supreme Court case involving the Second Amendment right to carry a firearm, that was singled out by Justice Kavanaugh during the oral argument as very helpful to his consideration of the case. Mr. Ohlendorf has also litigated many cases involving administrative law and government contracts.

Mr. Ohlendorf has extensive experience with every aspect of litigation, from arguing discovery disputes and cross-examining trial witnesses to working on appeals at all levels of the state and federal judicial systems. Mr. Ohlendorf has written dozens of briefs in the United States Supreme Court and has argued numerous cases, including appeals in both state and federal court. While much of his career has focused on appellate advocacy, he has also developed deep experience litigating at the trial-court level from the filing of the complaint to proceedings in the Supreme Court.

Before coming to Cooper & Kirk, Mr. Ohlendorf clerked for Judge Raymond Gruender of the United States Court of Appeals for the Eighth Circuit, taught at Northwestern University School of Law as an Olin-Searle-Smith Fellow, and then at Georgetown University Law Center as a Visiting Lecturer and Fellow at the Georgetown Center for the Constitution. His articles have

been published in the Notre Dame Law Review, the Harvard Journal of Law and Public Policy, National Affairs (with Joel Alicea), the Georgia Law Review, and the Maine Law Review. He received a J.D. from Harvard Law School, magna cum laude, in 2010, where he was an Editor for the Harvard Journal of Law and Public Policy, and graduated with a B.A. from Bethany Lutheran College, summa cum laude, in 2007.

Mr. Ohlendorf's work in this action included strategic development; legal research; and extensive drafting and review of pleadings, briefs, and other papers. Cooper & Kirk charged Plaintiffs for 132 hours of Mr. Ohlendorf's work at rates between $525–$575 per hour, for a total amount of $69,508.25,[2] an effective hourly billing rate of $526.58.

23.     **Nicole Jo Moss** has extensive civil litigation experience representing a wide variety of clients before federal and state trial courts on a variety of constitutional, statutory, administrative, contractual, tort, and complex commercial matters. Ms. Moss has tried cases to both judges and juries, has worked with and deposed numerous experts, public and private senior executives, and has spearheaded several extremely complex privilege and discovery disputes. Ms. Moss has worked on several class action lawsuits on both the plaintiff and defense side, and has particular expertise in complex e-discovery matters and the use of multiple e-discovery platforms.

Ms. Moss's work in this action included strategic development and coordination with potential plaintiffs. Cooper & Kirk charged Plaintiffs for 7.2 of Ms. Moss' work at rates between $625–$628.16 per hour, for a total amount of $4,512.

---

[2] This total accounts for my pro-rata allocation 15% discounts applied to Cooper & Kirk's April 2019, May 2019, and June 2019 invoices. (Ex. A, at 38–54).

24. **Peter A. Patterson's** practice includes appellate litigation, constitutional litigation, commercial litigation, and administrative law. In addition, Mr. Patterson for a number of years taught an appellate litigation clinic at the University of Cincinnati College of Law.

Mr. Patterson has extensive experience in complex matters involving important questions of constitutional, statutory, and administrative law. He frequently has represented plaintiffs in cases alleging constitutional or statutory violations by federal, state, and local government officials. He also has represented plaintiffs in class action litigation against corporations and the federal government.

Mr. Patterson joined Cooper & Kirk in 2009. Prior to arriving at Cooper & Kirk, he served as Associate Counsel to the President in the White House Counsel's Office. Before that, he served as a law clerk to Judge Jeffrey S. Sutton of the United States Court of Appeals for the Sixth Circuit.

Mr. Patterson received his J.D. from Stanford Law School in 2006, earning Order of the Coif honors for finishing in the top 10% of his class. There, he was a member of the Stanford Law Review, serving as an Articles Editor. He also participated in litigation before the United States Supreme Court through the Stanford Supreme Court Litigation Clinic. Mr. Patterson also graduated with University Honors

Mr. Patterson is a member of the Bars of the State of Ohio, the District of Columbia, the Supreme Court of the United States, the United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, District of Columbia, and Federal Circuits, and the United States District Courts for the Southern District of Ohio and the District of the District of Columbia.

Mr. Patterson's work in this action included strategic development; legal research; and drafting and review of pleadings, briefs, and other papers. Cooper & Kirk charged Plaintiffs for

12.6 hours of Mr. Patterson's work at rates between $645–$745 per hour, for a total amount of $8,454.60,[3] an effective hourly billing rate of $671.

25.     The itemization also reflects the reasonable hourly rates and time that other professionals necessarily spent assisting with Plaintiffs' constitutional challenge. Those professionals who performed services for Plaintiffs and for whose work Plaintiffs seek reimbursement in this application are listed below.

26.     **Flannery Lawrence** received her B.A. in Anthropology from The George Washington University in 2018. She was a legal assistant with Cooper & Kirk in 2019. Cooper & Kirk charged Plaintiffs for 17 hours of Ms. Lawrence's work at $185 per hour, for a total amount of $2,745.40,[4] an effective hourly billing rate of $161.49.

27.     **Caleb Theriot** received his B.A. in Business Administration from Belmont University in 2016.  He received his J.D. from University of Virginia Law School in 2022, where he was Executive Editor of the Virginia Law Review.  He was a legal assistant with Cooper & Kirk in 2018 and 2019. Cooper & Kirk charged Plaintiffs for nine hours of Mr. Theriot's work at $185 per hour, for a total amount of $1415.25,[5] an effective hourly billing rate of $157.25.

28.     **Elizabeth Barton** received her B.S. in International Affairs from The George Washington University in 2017. She was a legal assistant with Cooper & Kirk in 2017 and 2018.

---

[3] This total accounts for my pro-rata allocation 15% discounts applied to Cooper & Kirk's April 2019, May 2019, and June 2019 invoices. (Ex. A, at 38–54).

[4] This total accounts for my pro-rata allocation 15% discounts applied to Cooper & Kirk's April 2019, May 2019, and June 2019 invoices. (Ex. A, at 38–54).

[5] This total accounts for my pro-rata allocation 15% discounts applied to Cooper & Kirk's April 2019 June 2019 invoices. (Ex. A, at 38–54).

11

Cooper & Kirk charged Plaintiffs for 2.2 hours of Ms. Barton's work at $155 per hour, for a total amount of $341.

29.     **Erin Brainard** received her B.A. in Latin American and Hemispherical Studies from The George Washington University in 2015. She was a legal assistant with Cooper & Kirk from 2015 through 2018. Cooper & Kirk charged Plaintiffs for 1.7 hours of Ms. Brainard's work at $155 per hour, for a total amount of $263.50.

30.     As set forth above, (*supra* ¶¶ 6–13), Plaintiffs' successful prosecution of this action required litigation before the Supreme Court of the United States for reversal of Second Circuit precedent and the abrogation of federal Courts of Appeals' analytical frameworks that had stayed from the frameworks the Supreme Court established in *Heller* and *McDonald*. Such success required (1) textual arguments related to the scope of Second Amendment protection; and (2) arguments related to the history and tradition of firearms regulation, dating as far back as pre-colonial America and early England. Those litigation needs demonstrate the need for counsel with special expertise in the field of complex Second Amendment litigation.

31.     There are very few attorneys who regularly practice Second Amendment litigation. Even fewer regularly do so against governmental entities. I am not aware of any in-district counsel who possessed the experience that Plaintiffs' constitutional challenge required. For that reason, Plaintiffs justifiably retained out-of-district counsel at Cooper & Kirk with extensive experience litigating Second Amendment matters in federal trial and appellate courts.

32.     Cooper & Kirk's rates reflect those that a reasonable, paying client would be willing to pay. The rates Cooper & Kirk charged Plaintiffs for attorney work are commensurate with the hourly rates of counsel with the experience and skill needed to litigate Second Amendment matters successfully. Those rates are also consistent with national demands for experienced appellate

counsel. The rates Cooper & Kirk charged Plaintiffs for other professionals' work are also consistent with national rates for experienced professional support. And these rates reflect the actual rates paid by the NRA and the actual rates paid by other clients to Cooper & Kirk at that time.

33. Plaintiffs are entitled to recover attorney's fees for Cooper & Kirk's work by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for Cooper & Kirk's attorneys and other professionals. Here that product is $99,099. In the exercise of reasonable billing judgment, Cooper & Kirk has discounted its fees by $3,951.23. Plaintiffs do not seek reimbursement for such fees. Plaintiffs seek only the discounted amounts actually billed them, totaling $95,147.77.

34. I submit that the request for $95,147.77 for services rendered—as outlined in Exhibit A—is reasonable in light of all the facts and circumstances surrounding the Plaintiffs' challenge and the lawsuit which resulted in judgment in the Plaintiffs' favor by this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this February 6, 2023.

_____
David H. Thompson
Cooper & Kirk PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C., 20036
Phone: (202) 220-9600
dthompson@cooperkirk.com

## CERTIFICATE OF SERVICE

I hereby that on February 9, 2023, I electronically filed the foregoing with the Clerk of the Count using the CM/ECF system, and I hereby certify that service will be accomplished by the CM/ECF system on all parties or their counsel. I further certify that a copy of the foregoing and its attachment were served via email to the following:

Kelly L. Munkwitz
Michael G. McCartin
OFFICE OF NEW YORK STATE
ATTORNEY GENERAL – ALBANY
The Capitol
Albany, NY 12224
Telephone: (518) 776-2626
Kelly.munkwitz@ag.ny.gov
Michael.mccartin@ag.ny.gov

*Counsel for Defendants*

Dated: February 9, 2023                         */s/ John Parker Sweeney*
                                                John Parker Sweeney

                                                *Counsel for Plaintiffs*