**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Civil Action No. 1:18-cv-00134-BKS-ATB |
| STEVEN NIGRELLI, IN HIS OFFICIAL CAPACITY AS ACTING SUPERINTENDENT OF THE NEW YORK STATE POLICE, *et al.*, | ) ) ) ) ) | |
| *Defendants*. | ) | |

## <u>DECLARATION OF PAUL D. CLEMENT</u>

PAUL D. CLEMENT declares under penalty of perjury that the following is true and correct:

1.      I am a partner in the law firm Clement & Murphy PLLC. Before departing Kirkland & Ellis LLP, I, along with other attorneys, represented Plaintiffs in this action in briefing and oral argument before the Supreme Court of the United States. I am familiar with the facts and circumstances pertaining to this action. This declaration is submitted in support of Plaintiffs' motion for an award of attorney's fees and costs as the prevailing party pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d). I am over the age of 18 years and competent to testify to the matters set forth herein.

2.      Plaintiffs request $985,279.42 in attorney's fees for work done by Kirkland & Ellis personnel.

3.      Plaintiffs are the prevailing parties in this action because this Court entered judgment in favor of Plaintiffs, (ECF Doc. No. 54), after the Supreme Court of the United States provided Plaintiffs relief on the merits of their claim, holding that "New York's proper cause

requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2156 (2022). Defendants have not disputed that Plaintiffs are the prevailing parties.

4.      I graduated from Harvard Law School, J.D., *magna cum laude*, 1992, Darwin College, Cambridge, M. Phil, 1989, and Georgetown University, B.S., *summa cum laude*, 1988. After graduating from law school, I served as a law clerk to Associate Justice Antonin Scalia of the Supreme Court of the United States and to the Honorable Laurence H. Silberman of the United States Court of Appeals for the District of Columbia Circuit.

5.      I served as the 43rd Solicitor General of the United States from June 2005 until June 2008. Before my confirmation, I served as Acting Solicitor General for nearly a year and as Principal Deputy Solicitor General for over three years. I have received, among other awards, the Edmund Randolph Award, the U.S. Department of Justice's highest honor. Since 2008, I have worked in private practice as an appellate attorney.

6.      My law practice is devoted substantially to appellate and Supreme Court litigation. I have argued more than 100 cases before the Supreme Court of the United States, including other Second Amendment cases such as *New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525 (2020), *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and *District of Columbia v. Heller*, 554 U.S. 570 (2008).

7.      I am a member of the Bars of Virginia, the District of Columbia, and Wisconsin; the Bar of the Supreme Court of the United States; the Bars of the United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, D.C.,

and Federal Circuits; and bars of other courts. I have practiced law for nearly 30 years in federal District Courts, Courts of Appeals, and the Supreme Court of the United States.

## FACTUAL BACKGROUND

8. Plaintiffs Brandon Koch and Robert Nash are law-abiding citizens of New York whose applications for unrestricted concealed-carry licenses were denied under N.Y. Penal Law § 400.002(f), which restricted the right to carry firearms outside the home to those who could satisfy a licensing official that they had "proper cause" to exercise that right. Plaintiff New York State Rifle & Pistol Association, Inc., is a public-interest group that works to defend the Second Amendment rights of New Yorkers. Its membership includes law-abiding citizens of New York whose applications for unrestricted concealed-carry licenses were denied under § 400.002(f).

9. On February 1, 2018, Plaintiffs filed this action challenging the constitutionality of N.Y. Penal Law § 400.00(2)(f). (ECF Docs. 1, 31). Plaintiffs sought a declaration that § 400.002(f) was unconstitutional and an injunction against its enforcement. (*Id.*). On December 17, 2018, the District Court granted Defendants' Motion to Dismiss and entered judgment in their favor. (ECF Docs. 32, 33). On appeal, the United States Court of Appeals for the Second Circuit affirmed the District Court's judgment because, under established circuit precedent, "New York's proper cause requirement does not violate the Second Amendment." 818 F. App'x 99, 100 (2d Cir. 2020).

10. The Supreme Court of the United States granted certiorari to decide whether New York's "denial of [Koch's and Nash's] applications for concealed-carry licenses for self-defense violated the Second Amendment." 141 S. Ct. 2566.

11. On the merits, the Supreme Court held that "New York's proper cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-

3

defense needs from exercising their right to keep and bear arms." 142 S. Ct. at 2156. The Court

then "reverse[d] the judgment of the Court of Appeals and remand[ed] the case for further

proceedings consistent with this opinion." *Id.*

12.    Underscoring the constitutional complexity and importance of this case, the

Supreme Court rejected "may issue" proper-cause precedents from Courts of Appeals across the

country. *Id.* at 2124; *see Gould v. Morgan*, 907 F.3d 659 (1st Cir. 2018); *Kachalsky v. Cnty. of

Westchester*, 701 F.3d 81 (2d Cir. 2012); *Drake v. Filko*, 724 F.3d 426 (3d Cir. 2013); *United

States v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011); *Young v. Hawaii*, 922 F.3d 765 (9th Cir.

2021) (en banc). The Court also rejected Courts of Appeals' widespread use of "a 'two-step'

framework for analyzing Second Amendment challenges that combines history with means-end

scrutiny." *Bruen*, 142 S. Ct. 2126–30; *see, e.g.*, *Worman v. Healey*, 922 F.3d 26 (1st Cir. 2019);

*Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106 (2d Cir. 2020); *Association of N.J. Rifle

& Pistol Clubs, Inc. v. Att'y Gen. of N.J.*, 910 F.3d 106 (3d Cir. 2018); *Harley v. Wilkinson*, 988

F.3d 766 (4th Cir. 2021); *National Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco,

Firearms, and Explosives*, 700 F.3d 185 (5th Cir. 2012); *United States v. Greeno*, 679 F.3d 510

(6th Cir. 2012); *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019); *Young v. Hawaii*, 992 F.3d 765 (9th

Cir. 2021) (en banc); *United States v. Reese*, 627 F.3d 792 (10th Cir. 2010); *GeorgiaCarry.Org,

Inc. v. Georgia*, 687 F.3d 1244 (11th Cir. 2012); *United States v. Class*, 930 F.3d 460 (D.C. Cir.

2019).

13.    Underscoring the significance of Plaintiffs' victory, the Supreme Court's landmark

decision overhauled lower courts' Second Amendment analytical frameworks because those courts

had strayed from the framework the Supreme Court set forth in earlier Second Amendment cases.

*See District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

14.     On remand, the Second Circuit "vacate[d] the judgment of the district court and remand[ed] this case for further proceedings consistent with the Supreme Court's decision." (ECF Doc. 42).

15.     On November 17, 2022, this Court entered judgment in Plaintiffs' favor. (ECF Doc. 54).

## APPLICATION FOR ATTORNEY'S FEES

16.     Kirkland & Ellis's work in this action focused on briefing and oral argument before the Supreme Court of the United States.

17.     In my experience leading national appellate and Supreme Court practices at King & Spalding, Bancroft, Kirkland & Ellis, and now Clement & Murphy, I have become familiar with the economics of law practice, billing rates, billing practices, the cost and recovery of litigation support services and other expenses of litigation, the setting and collection of legal fees in a variety of circumstances, including cases presenting professional demands, factual and legal complexity, and the risk and expense levels comparable to the instant action. I am also familiar with the manner in which Kirkland & Ellis maintains its business records and generates its billing records. I have personal experience negotiating fee arrangements with sophisticated consumers of legal services and regularly representing clients on an hourly rate basis in similar complex litigation matters. This personal experience includes working with clients who wish to challenge state laws and regulations that are contrary to the Second Amendment.

18.     The attached itemization of time spent by Kirkland & Ellis personnel representing Plaintiffs in this action is based on records made contemporaneously at the time the work was completed or the expense was incurred. (*See* Invoices attached hereto as Exhibit A). The itemization reflects the reasonable hourly rates and time necessarily spent by Kirkland & Ellis personnel in this action. As set forth below and supported by Exhibit A, Plaintiffs request $985,279.42, which represents a reasonable award in light of all the facts and circumstances surrounding Plaintiffs' successful constitutional challenge.  Indeed, this overall total compares favorably with a larger fee request submitted by lawyers from Jenner & Block over a decade ago for their work in the Supreme Court on a successful challenge to a California statute prohibiting the sale of certain violent video games to minors.  *See* Lyle Denniston, *A Rare Request for Supreme Court Fees*, SCOTUSblog (Jul. 25, 2011), https://bit.ly/3YASXiO (reporting request for $1,144,602.24 in fees).  Given the substantial inflation in the legal profession in ensuing decade, the overall amount sought here is a testament to the efficiency with which this team worked in handling the Supreme Court proceedings.

19.     My work in this action included strategic development; drafting, editing, and review of the petition for certiorari, briefs, and other papers; *amici* coordination; oral argument preparation; and oral argument presentation. Kirkland & Ellis charged Plaintiffs for 113.75 hours for a total amount of $183,044.29, an effective hourly billing rate of $1,609.18.[1]

20.     From the inception of Kirkland & Ellis' work in this action, I personally supervised and managed the work of Kirkland & Ellis' attorneys and personnel. I endeavored to keep the number of personnel assigned to this case to the minimum reasonably necessary to serve Plaintiffs'

---

[1] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).

needs efficiently. Likewise, I endeavored to make work assignments appropriate to each attorney's or paralegal's level of experience and expertise.

21.    Kirkland & Ellis attorneys—many of whom have joined me at Clement & Murphy—who performed services for Plaintiffs and for whose work Plaintiffs seek reimbursement in this application are listed below.

22.    **Erin E. Murphy**. Erin E. Murphy is a partner at Clement & Murphy and was previously a partner at Kirkland & Ellis. Ms. Murphy graduated from Georgetown University Law Center, J.D., *magna cum laude*, in 2006, and Northwestern University Medill School of Journalism, B.S., in 2002. She then served as a law clerk to Chief Justice John Roberts of the Supreme Court of the United States and to the Honorable Diane S. Sykes of the United States Court of Appeals for the Seventh Circuit, as well as serving as a Bristow Fellow at the United States Department of Justice Office of the Solicitor General. Ms. Murphy's law practice is devoted substantially to appellate and Supreme Court litigation. She has argued cases before the Supreme Court and appellate and trial courts throughout the country, including Second Amendment cases such as *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021), and 49 F.4th 1228 (9th Cir. 2022) (*en banc*); *Bauer v. Becerra*, 858 F.3d 1216 (9th Cir. 2017); and *Fyock v. Sunnyvale*, 779 F.3d 991 (9th Cir. 2015). Ms. Murphy was instrumental in every aspect of the *Bruen* litigation at the Supreme Court, from the petition for a writ of certiorari to the merits stage, during which she oversaw all briefing, to assisting with preparation for oral argument. Kirkland & Ellis charged Plaintiffs for 122 hours of Ms. Murphy's work for a total amount of $154,702.07, an effective hourly billing rate of $1,268.04.[2] This was a reasonable rate in light of Ms. Murphy's level of experience and expertise.

---

[2] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).

23.     **Kasdin Miller Mitchell**. Kasdin Miller Mitchell is a partner at Kirkland & Ellis. Ms. Mitchell graduated from Yale Law School, J.D., in 2012 and Yale University, B.A., in 2007. She then served as a law clerk to Justice Clarence Thomas of the Supreme Court of the United States and to the Honorable William H. Pryor of the United States Court of Appeals for the Eleventh Circuit, as well as serving as Assistant Solicitor General for the State of Alabama. In private practice, Ms. Mitchell has maintained a mixed appellate and trial practice.  She has argued in multiple courts of appeals, as well as numerous federal district and state courts, and she has filed briefs in every federal court of appeals except two. Her work has included briefs other Second Amendment cases such as *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021), and 49 F.4th 1228 (9th Cir. 2022) (*en banc*). Ms. Mitchell led the briefing at all stages of *Bruen* and assisted in preparation for oral argument. Kirkland & Ellis charged Plaintiffs for 129 hours of Ms. Mitchell's work for a total amount of $125,529.03, an effective hourly billing rate of $973.09. This was a reasonable rate in light of Ms. Miller's level of experience and expertise.

24.     **Kevan M. Neylan, Jr.** Kevin Neylan is a partner at Kirkland & Ellis, where he was an associate during the relevant period of this litigation. Mr. Neylan graduated from Harvard Law School, J.D., *magna cum laude*, in 2015 and Harvard College, A.B., *summa cum laude*, in 2012. He then served as a law clerk to Justice Samuel Alito of the Supreme Court of the United States and to the Honorable Diarmuid F. O'Scannlain of the United States Court of Appeals for the Ninth Circuit. In private practice, Mr. Neylan has maintained a mixed appellate and trial practice that includes extensive litigation in front of the courts of appeals and federal district courts. Mr. Neylan drafted briefs at the petition and merits stages of *Bruen* and assisted in preparation for oral argument. Kirkland & Ellis charged Plaintiffs for 185.5 hours of Mr. Neylan's work for a total

amount of $171,547, an effective hourly billing rate of $924.78.[3] This was a reasonable rate in light of Mr. Neylan's level of experience and expertise.

25.     **Nicholas M. Gallagher**. Nicholas Gallagher is an associate at Clement & Murphy and was previously an associate at Kirkland & Ellis. Mr. Gallagher graduated from New York University School of Law, J.D., *cum laude*, in 2019 and Oxford University, B.A., M.A. (Oxon.), in 2011. He then served as a law clerk to the Honorable Danny J. Boggs of the United States Court of Appeals for the Sixth Circuit. Mr. Gallagher's legal practice since has been devoted substantially to appellate and Supreme Court litigation. He has drafted briefs before the Supreme Court, the federal courts of appeals, and federal district and state courts. His work has included other Second Amendment cases such as *Rhode v. Becerra*, No. 20-55437 (9th Cir.). Mr. Gallagher conducted substantial historical research in *Bruen*, helped draft briefs at the merits stage, and assisted in preparation for oral argument.  Kirkland & Ellis charged Plaintiffs for 312.75 hours of Mr. Gallagher's work for a total amount of $222,248.41, an effective hourly billing rate of $710.62.[4] This was a reasonable rate in light of Mr. Gallagher's level of experience and expertise.

26.     **H. Bartow Farr**. Bartow Farr is a partner at Clement & Murphy and was previously a partner at Kirkland & Ellis. Mr. Farr graduated from Sandra Day O'Connor College of Law at Arizona State University, J.D., *summa cum laude*, in 1973, and Princeton University, B.A., in 1966. He then served as a law clerk to Justice William H. Rhenquist of the Supreme Court of the United States, as well as serving as Assistant to the Solicitor General of the United States. Mr. Farr practiced at Onek, Klein & Farr and its successor firms, Klein, Farr, Smith & Taranto and Farr & Taranto from 1981 to 2013, before joining Bancroft PLLC, then Kirkland & Ellis and Clement &

---

[3] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).
[4] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).

Murphy. A veteran appellate practitioner, Mr. Farr has argued 32 cases between the Supreme Court. Mr. Farr provided moot court assistance for oral argument in *Bruen* and generally provided counsel in preparing the case. Kirkland & Ellis charged Plaintiffs for 24.75 hours of Mr. Farr's work for a total amount of $31,451.06, an effective hourly billing rate of $1,270.75.[5] This was a reasonable rate in light of Mr. Farr's level of experience and expertise.

27.  **George W. Hicks, Jr.** George Hicks is a partner at Kirkland & Ellis.  Mr. Hicks graduated from Harvard Law School, J.D., *magna cum laude*, in 2012 and Harvard College, A.B, *cum laude*. He then served as a law clerk to Chief Justice John Roberts of the Supreme Court of the United States and to the Honorable Janice Rogers Brown of the United States Court of Appeals for the District of Columbia Circuit. In private practice, Mr. Hicks has successfully argued before the Supreme Court, written successful merits briefs in eleven cases before the Court, and argued nearly thirty appeals across the U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits, as well as before federal district and bankruptcy courts. Mr. Hicks provided moot court assistance in preparation for oral argument in *Bruen*. Kirkland & Ellis charged Plaintiffs for 14 hours of Mr. Hicks' work for a total amount of $16,362.50, an effective hourly billing rate of $1,168.75.[6] This was a reasonable rate in light of Mr. Hicks's level of experience and expertise.

28.  **Matthew D. Rowen**. Matthew Rowen is a partner at Clement & Murphy and was previously a partner at Kirkland & Ellis. Mr. Rowen graduated from Harvard Law School, J.D., *magna cum laude*, in 2013 and Columbia University, B.A., *magna cum laude*, in 2009. He then served as a law clerk to the Honorable Paul J. Watford of the United States Court of Appeals for

---

[5] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).
[6] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).

the Ninth Circuit and to the Honorable David J. Barron of the United States Court of Appeals for the First Circuit. Mr. Rowen's legal practice since has been devoted substantially to appellate and Supreme Court litigation. He has drafted multiple certiorari- and merits-stages briefs before the Supreme Court, including in *New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525 (2020). He has also written dozens of briefs before the federal courts of appeals, as well as numerous federal district and state courts. Mr. Rowen provided moot court assistance in preparations for oral argument in *Bruen*. Kirkland & Ellis charged Plaintiffs for 10.75 hours of Mr. Rowen's work for a total amount of $10,005.55, an effective hourly billing rate of $930.74.[7] This was a reasonable rate in light of Mr. Rowen's level of experience and expertise.

29.     **Harker Rhodes**. Harker Rhodes is a partner at Clement & Murphy and was previously a partner at Kirkland & Ellis. Mr. Rhodes graduated from Stanford Law School, J.D., in 2012 and Harvard College, A.B., *summa cum laude*, in 2009. He then served as a law clerk to Justice Anthony Kennedy of the Supreme Court of the United States, to the Honorable Robert A. Katzmann of the United States Court of Appeals for the Second Circuit, and to the Honorable Rya W. Zobel of the United States District Court for the District of Massachusetts. Mr. Rhodes's legal practice has been devoted substantially to appellate and Supreme Court litigation. He has argued in front of multiple federal courts of appeals, drafted certiorari- and merits-stages briefs before the Supreme Court, and written dozens of briefs before the federal courts of appeals, as well as numerous federal district and state courts. Mr. Rhodes provided moot court assistance in preparations for oral argument in *Bruen*. Kirkland & Ellis charged Plaintiffs for 13.5 hours of Mr.

---

[7] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).

Rhodes' work for a total amount of $13,138.87, an effective hourly billing rate of $973.25.[8] This was a reasonable rate in light of Mr. Rhodes's level of experience and expertise.

30.     **Mariel Brookins**. Mariel Brookins is an associate at Clement & Murphy and was previously an associate at Kirkland & Ellis. Ms. Brookins graduated from the University of Michigan Law School, J.D., *cum laude*, in 2017, from Grand Valley State University, M.B.A., in 2011, and from Wheaton College, B.A., in 2009. She then served as a law clerk to the Honorable Amy Coney Barrett of the United States Court of Appeals for the Seventh Circuit and to the Honorable Kevin C. Newsom of the United States Court of Appeals for the Eleventh Circuit. Ms. Brookins's practice focuses on appellate and Supreme Court litigation. She has drafted multiple certiorari- and merits-stages briefs before the Supreme Court and written briefs before the federal courts of appeals, as well as federal district and state courts. Ms. Brookins provided moot court assistance in preparations for oral argument in *Bruen*. Kirkland & Ellis charged Plaintiffs for 15.25 hours of Ms. Brookins' work for a total amount of $12,897.68, an effective hourly billing rate of $845.75.[9] This was a reasonable rate in light of Ms. Brookins's level of experience and expertise.

31.     The itemization also reflects the reasonable hourly rates and time that other professionals spent assisting with Plaintiffs' constitutional challenge. Those professionals who performed services for Plaintiffs and for whose work Plaintiffs seek reimbursement in this application are listed below.

32.     **Ashley Britton**. Ashley Britton is a senior paralegal at Clement & Murphy and was previously a senior paralegal at Kirkland & Ellis. Ms. Britton graduated from California Western School of Law, J.D., in May 2015 and from San Diego State University, B.S., in May 2009. Ms.

---

[8] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A.)
[9] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A.)

Britton is a member of the California Bar. An experienced paralegal with extensive experience specific to the Supreme Court and the federal courts of appeals, Ms. Britton has worked in this field, and with our group specifically, for eight years. Ms. Britton was the principal paralegal in this matter at the certiorari stage and assisted in preparing the briefs and appendices before the Court. Kirkland & Ellis charged Plaintiffs for 26.25 hours of Ms. Britton's work for a total amount of $9530.62, an effective hourly billing rate of $363.07. [10] This was a reasonable rate in light of Ms. Britton's level of experience and expertise.

33.   **Aviana Vergnetti**. Aviana Vergnetti is a paralegal at Clement & Murphy and was previously a paralegal at Kirkland & Ellis. Ms. Vergnetti graduated from Boston University, B.A., in 2017. An experienced paralegal with extensive experience specific to the Supreme Court and the Courts of Appeals, Ms. Vergnetti has worked in this field, and with our group specifically, for four years. Ms. Vergnetti was the principal paralegal in the merits stage of this matter and assisted in preparing the briefs and appendices before the Court. Kirkland & Ellis charged Plaintiffs for 76.75 hours of Ms. Vergnetti's work for a total amount of $22,833.11, an effective hourly billing rate of $297.50.[11] This was a reasonable rate in light of Ms. Vergnetti's level of experience and expertise.

34.   **Harry W. Hild**. Harry Hild was a paralegal at Kirkland & Ellis at the time of this lawsuit. Mr. Hild graduated from Harvard College in 2016. He assisted in preparing the briefs and appendices before the Court. Kirkland & Ellis charged Plaintiffs for 1.5 hours of Mr. Hild's work for a total amount of $412.25, an effective hourly billing rate of $274.83.[12] This was a reasonable rate in light of Mr. Hild's level of experience and expertise.

---

[10] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).
[11] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).
[12] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).

35.    **Kiran Mehta**. Kiran Mehta was a paralegal at Kirkland & Ellis at the time of this lawsuit. Ms. Mehta graduated from George Washington University in 2019. She assisted in preparing the briefs and appendices before the Court. Kirkland & Ellis charged Plaintiffs for 9.75 hours of Ms. Mehta's for a total amount of $2,237.62, an effective hourly billing rate of $229.50.[13] This was a reasonable rate in light of Ms. Mehta's level of experience and expertise.

36.    **Library Factual Research**. Kirkland & Ellis's dedicated Library Factual Research team assisted with obtaining factual materials utilized in briefing and arguing the case.  Plaintiffs for 18.25 hours of the Library Factual Research team's work for a total amount of $6,049.87, an effective hourly billing rate of $331.50.[14] This was a reasonable rate for this service.

37.    **Library Legislative Research**. Kirkland & Ellis's dedicated Library Legislative Research team assisted with obtaining legislative materials utilized in briefing and arguing the case.  Kirkland & Ellis charged Plaintiffs for 8.25 hours of the Library Legislative Research team's work for a total amount of $2,734.87, an effective hourly billing rate of $331.50.[15] This was a reasonable rate for this service.

38.    **Library Document Retrieval**. Kirkland & Ellis's dedicated Library Document Research team assisted with obtaining various documents utilized in briefing and arguing the case. Kirkland & Ellis charged Plaintiffs for 2.25 hours of the Library Document Retrieval team's work for a total amount of $554.62,[16] an effective hourly billing rate of $246.49. This was a reasonable rate for this service.

---

[13] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).
[14] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).
[15] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).
[16] That accounts for a 15% discount applied to each of Kirkland & Ellis' invoices. (Ex. A).

39.     As set forth above, (*supra* ¶¶ 8–15), Plaintiffs' successful prosecution of this action required litigation before the Supreme Court of the United States to secure reversal of Second Circuit precedent and abrogation of the analytical framework that federal courts had been using to analyze Second Circuit claims. That success required (1) textual arguments related to the scope of Second Amendment protection; and (2) arguments related to the history and tradition of firearms regulation, dating as far back as pre-colonial America and early England, and (3) legal arguments regarding the proper way to interpret the Constitution and analyze constitutional claims. Those litigation needs demonstrate the need for counsel with special expertise in the complex field of Second Amendment litigation before the Supreme Court.

40.     There are very few attorneys who regularly practice Second Amendment litigation. Even fewer regularly do so against governmental entities. Even fewer have experience doing so before the Supreme Court of the United States. No in-district counsel possessed the experience that Plaintiffs' constitutional challenge required. For that reason, Plaintiffs justifiably retained out-of-district counsel at Kirkland & Ellis with extensive experience litigating Second Amendment matters before the Supreme Court.

41.     Kirkland & Ellis' fees in this action are consistent with the rates in the national appellate market for the price of legal services of comparable quality rendered in cases demanding similar skill, judgment, time, and performance. Kirkland & Ellis' rates reflect those that a reasonable, paying client would be willing to pay.

42.     Plaintiffs are entitled to recover attorney's fees for Kirkland & Ellis' work by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for Kirkland & Ellis' attorneys and professionals. Here that product is $1,159,152.25. In the exercise of reasonable billing judgment, Kirkland & Ellis discounted its fees by 15%, *i.e.*,

approximately $173,872.83. Plaintiffs do not seek reimbursement for such fees. Plaintiffs seek only the discounted amounts actually billed them, totaling $985,279.42.

43.     By accepting this action, Kirkland & Ellis' attorneys were precluded from taking on other representation. This action also imposed time constraints on those attorneys' schedules.

44.     I submit that the request for $985,279.42 for services rendered—as outlined in Exhibit A—is reasonable in light of all the facts and circumstances surrounding the Plaintiffs' challenge and the lawsuit which resulted in judgment in the Plaintiffs' favor by this Court.

I declare under penalty of perjury that the foregoing is true and correct.


Executed this February 9, 2023.

Paul D. Clement
Clement & Murphy PLLC
706 Duke Street
Alexandria, VA 22314
Phone: (202) 742-8900

16

**CERTIFICATE OF SERVICE**

I hereby that on February 9, 2023, I electronically filed the foregoing with the Clerk of the

Count using the CM/ECF system, and I hereby certify that service will be accomplished by the

CM/ECF system on all parties or their counsel. I further certify that a copy of the foregoing and

its attachment were served via email to the following:

Kelly L. Munkwitz
Michael G. McCartin
OFFICE OF NEW YORK STATE
ATTORNEY GENERAL – ALBANY
The Capitol
Albany, NY 12224
Telephone: (518) 776-2626
Kelly.munkwitz@ag.ny.gov
Michael.mccartin@ag.ny.gov

*Counsel for Defendants*


Dated: February 9, 2023                                  */s/ John Parker Sweeney*
                                                         John Parker Sweeney

                                                         *Counsel for Plaintiffs*