# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:18-cv-00134-BKS-ATB |
| STEVEN NIGRELLI, IN HIS OFFICIAL CAPACITY AS ACTING SUPERINTENDENT OF THE NEW YORK STATE POLICE, *et al.*, | ) ) ) ) ) ) | |
| *Defendants*. | ) | |

## DECLARATION OF JOHN PARKER SWEENEY

JOHN PARKER SWEENEY declares under penalty of perjury that the following is true and correct:

1. I am a partner in the law firm Bradley Arant Boult Cummings LLP ("Bradley"). Along with other Bradley attorneys and attorneys from the law firms of Kathleen McCaffrey Baynes, Esq., PLLC, Cooper & Kirk PLLC, and Kirkland & Ellis LLP, I represented Plaintiffs in this action. I am familiar with the facts and circumstances pertaining to this action. This declaration is submitted in support of Plaintiffs' motion for an award of attorney's fees and costs as the prevailing party pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d). I am over the age of 18 years and competent to testify to the matters set forth herein.

2. Through this declaration and its supporting documentation, Plaintiffs request an award of $150,456.15 ($147,478.95 in attorney's fees for the work of Bradley personnel as well as $2,977.20 in Supreme Court costs).

3. Plaintiffs are the prevailing parties in this action because this Court entered judgment in favor of Plaintiffs, (ECF Doc. No. 54), after the Supreme Court of the United States

1

provided Plaintiffs relief on the merits of their claim, holding that "New York's proper cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2156 (2022). Defendants have not disputed that Plaintiffs are the prevailing parties.

4. I graduated from American University Washington College of Law, J.D., *summa cum laude*, 1975, and from Ohio Wesleyan University, B.A., 1972. I am a member of the Bars of the District of Columbia, Maryland, and New York; the Bar of the United States Supreme Court; the Bars of the United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and D.C. Circuits; and the Bars of the United States District Courts for the Northern District of New York, the Western District of New York, the District of Columbia, and the District of Maryland. I am also the recipient of the Defense Research Institute's 2022 Louis B. Potter Lifetime Professional Service Award.

5. I have more than four decades of experience litigating complex commercial disputes, including major class actions, mass torts, and products-liability actions. I also have significant experience over the past ten years representing plaintiffs in Second Amendment civil rights matters before federal trial and appellate courts. I served as lead counsel and presented oral argument on behalf of Second Amendment civil rights plaintiffs in the following matters in the United States Courts of Appeals.

- *National Rifle Ass'n v. Commissioner, Fla. Dep't of Law Enforcement*, No. 21-12314 (11th Cir.)
- *Ass'n of N.J. Rifle & Pistol Clubs Inc. v. Att'y Gen. of N.J.*, 974 F.3d 237 (3d Cir. 2020)
- *Maryland Shall Issue, Inc. v. Hogan*, 971 F.3d 199 (4th Cir. 2020)
- *Worman v. Healey*, 922 F.3d 26 (1st Cir. 2019)

- *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017) (*en banc*)

- *Kolbe v. Hogan*, 813 F.3d 160 (4th Cir. 2016)

I also coordinated the drafting and filing of *amicus* briefs in many other Second Amendment matters in the United States Courts of Appeals, including:

- *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021) (*en banc*) (counsel for *amicus curiae* National Rifle Association of America, Inc.).

- *Duncan v. Becerra*, 970 F.3d 1133 (9th Cir. 2020) (counsel for *amicus curiae* National Rifle Association of America, Inc.).

- *Gould v. Morgan*, 907 F.3d 659 (1st Cir. 2018) (counsel for *amicus curiae* National Rifle Association of America, Inc.).

- *Heller v. District of Columbia*, 801 F.3d 264 (D.C. Cir. 2015) (counsel for *amicus curiae* National Rifle Association of America, Inc.).

- *New York State Rifle & Pistol Ass'n v. Cuomo*, 804 F.3d 242 (2d Cir. 2015) (counsel for *amicus curiae* National Rifle Association, Inc., and *amicus curiae* Remington Arms Company, LLC).

- *Fyock v. Sunnyvale*, 779 F.3d 991 (9th Cir. 2015) (counsel for *amicus curiae* The Center for Constitutional Jurisprudence and Gun Owners of California.).

**FACTUAL BACKGROUND**

6. Plaintiffs Brandon Koch and Robert Nash are law-abiding citizens of New York whose applications for unrestricted concealed-carry licenses were denied under N.Y. Penal Law § 400.002(f), which restricted the right to carry firearms outside the home to those who could satisfy a licensing official that they had "proper cause" to exercise that right. Plaintiff New York State Rifle & Pistol Association, Inc., is a public-interest group that works to defend the Second Amendment rights of New Yorkers. Its membership includes law-abiding citizens of New York whose applications for unrestricted concealed-carry licenses were denied under § 400.002(f).

- *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017) (*en banc*)
- *Kolbe v. Hogan*, 813 F.3d 160 (4th Cir. 2016)

I also coordinated the drafting and filing of *amicus* briefs in many other Second Amendment matters in the United States Courts of Appeals, including:

- *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021) (*en banc*) (counsel for *amicus curiae* National Rifle Association of America, Inc.).
- *Duncan v. Becerra*, 970 F.3d 1133 (9th Cir. 2020) (counsel for *amicus curiae* National Rifle Association of America, Inc.).
- *Gould v. Morgan*, 907 F.3d 659 (1st Cir. 2018) (counsel for *amicus curiae* National Rifle Association of America, Inc.).
- *Heller v. District of Columbia*, 801 F.3d 264 (D.C. Cir. 2015) (counsel for *amicus curiae* National Rifle Association of America, Inc.).
- *New York State Rifle & Pistol Ass'n v. Cuomo*, 804 F.3d 242 (2d Cir. 2015) (counsel for *amicus curiae* National Rifle Association, Inc., and *amicus curiae* Remington Arms Company, LLC).
- *Fyock v. Sunnyvale*, 779 F.3d 991 (9th Cir. 2015) (counsel for *amicus curiae* The Center for Constitutional Jurisprudence and Gun Owners of California.).

**FACTUAL BACKGROUND**

6. Plaintiffs Brandon Koch and Robert Nash are law-abiding citizens of New York whose applications for unrestricted concealed-carry licenses were denied under N.Y. Penal Law § 400.002(f), which restricted the right to carry firearms outside the home to those who could satisfy a licensing official that they had "proper cause" to exercise that right. Plaintiff New York State Rifle & Pistol Association, Inc., is a public-interest group that works to defend the Second Amendment rights of New Yorkers. Its membership includes law-abiding citizens of New York whose applications for unrestricted concealed-carry licenses were denied under § 400.002(f).

7. On February 1, 2018, Plaintiffs filed this action challenging the constitutionality of N.Y. Penal Law § 400.00(2)(f). (ECF Docs. 1, 31). Plaintiffs sought a declaration that § 400.002(f) was unconstitutional and an injunction against its enforcement. (*Id.*). On December 17, 2018, the District Court granted Defendants' Motion to Dismiss and entered judgment in their favor. (ECF Docs. 32, 33). On appeal, the United States Court of Appeals for the Second Circuit affirmed the District Court's judgment because, under established circuit precedent, "New York's proper cause requirement does not violate the Second Amendment." 818 F. App'x 99, 100 (2d Cir. 2020).

8. The Supreme Court of the United States granted certiorari to decide whether New York's "denial of [Koch's and Nash's] applications for concealed-carry licenses for self-defense violated the Second Amendment." 141 S. Ct. 2566.

9. On the merits, the Supreme Court held that "New York's proper cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." 142 S. Ct. at 2156. The Court then "reverse[d] the judgment of the Court of Appeals and remand[ed] the case for further proceedings consistent with this opinion." *Id.*

10. Underscoring the constitutional complexity and importance of this case, the Supreme Court rejected "may issue" proper-cause precedents from Courts of Appeals across the country. *Id.* at 2124; *see Gould v. Morgan*, 907 F.3d 659 (1st Cir. 2018); *Kachalsky v. Cnty. of Westchester*, 701 F.3d 81 (2d Cir. 2012); *Drake v. Filko*, 724 F.3d 426 (3d Cir. 2013); *United States v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011); *Young v. Hawaii*, 922 F.3d 765 (9th Cir. 2021) (en banc). The Court also rejected Courts of Appeals' widespread use of "a 'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny." *Bruen*, 142 S. Ct. 2126–30; *see, e.g., Worman v. Healey*, 922 F.3d 26 (1st Cir. 2019);

4

*Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106 (2d Cir. 2020); *Association of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. of N.J.*, 910 F.3d 106 (3d Cir. 2018); *Harley v. Wilkinson*, 988 F.3d 766 (4th Cir. 2021); *National Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 700 F.3d 185 (5th Cir. 2012); *United States v. Greeno*, 679 F.3d 510 (6th Cir. 2012); *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019); *Young v. Hawaii*, 992 F.3d 765 (9th Cir. 2021) (*en banc*); *United States v. Reese*, 627 F.3d 792 (10th Cir. 2010); *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244 (11th Cir. 2012); *United States v. Class*, 930 F.3d 460 (D.C. Cir. 2019).

11. Underscoring the significance of Plaintiffs' victory, the Supreme Court's landmark decision overhauled lower courts' Second Amendment analytical frameworks because those courts had strayed from the framework the Supreme Court set forth in earlier Second Amendment cases. *See District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

12. On remand to the Second Circuit, the Second Circuit "vacate[d] the judgment of the district court and remand[ed] this case for further proceedings consistent with the Supreme Court's decision." (ECF Doc. 42).

13. On November 17, 2022, this Court entered judgment in Plaintiffs' favor. (ECF Doc. 54).

## APPLICATION FOR ATTORNEY'S FEES

14. Bradley's work on behalf of Plaintiffs in this action focused largely on preparation and delivery of oral argument in the United States Court of Appeals for the Second Circuit, post-argument representation in the Second Circuit, coordination with *amici* during Supreme Court proceedings, and representation following remand to the Second Circuit and to this Court.

15. In my experience as a partner at Bradley and as lead counsel in Second Amendment litigation in federal trial and appellate courts, I have become familiar with the economics of law practice, billing rates, the setting and collection of legal fees in complex Second Amendment litigation, and risks and necessary costs in litigation comparable to the instant action. I am also familiar with the manner in which Bradley maintains its business records and generates its billing records. I have personal experience negotiating fee arrangements with sophisticated consumers of legal services and regularly representing clients on an hourly rate basis in similar complex litigation matters. This personal experience includes working with clients who wish to challenge state laws and regulations that are contrary to the Second Amendment.

16. The attached itemization of time spent by Bradley personnel representing Plaintiffs in this action is based on records made contemporaneously at the time the work was completed or the expense was incurred. (*See* Invoices attached hereto as Exhibit A). That itemization reflects the reasonable hourly rates and time necessarily spent by Bradley personnel in this action. As set forth below and supported by Exhibit A, Plaintiffs request $147,478.95 in attorney's fees for work done by Bradley personnel, which represents a reasonable award in light of all the facts and circumstances surrounding Plaintiffs' successful constitutional challenge.

17. My work in this action included strategic development; organization and review of motions, notices, and other papers; oral argument presentation; and representation of Plaintiffs in motions practice following remand. Bradley charged Plaintiffs for 104 hours of my work at rates between $730–$765 per hour, for a total amount of $62,152.35,[1] an effective hourly billing rate of $597.61.

---

[1] This total accounts for my pro-rata allocation of a 38.957% discount applied to Bradley's September 2020 invoice and a 25.97% discount applied to its June 2021 invoice. (Ex. A, at 29–35, 46–50).

6

18. From the inception of Bradley's work in this action, I personally supervised and managed the work of Bradley attorneys and other professionals. I have endeavored to keep the number of personnel assigned to this case to the minimum reasonably necessary to serve Plaintiffs' needs efficiently. Likewise, I have endeavored to make work assignments appropriate to each attorney's or paralegal's level of experience and expertise.

19. Bradley attorneys who performed services for Plaintiffs and for whose work Plaintiffs seek reimbursement in this application are listed below.

20. **T. Sky Woodward**. During all relevant times, Sky Woodward was a partner in Bradley's Litigation and Appellate Practice Groups. Ms. Woodward graduated from The George Washington University Law School, J.D., 1992, and from the University of Oklahoma, B.A., 1989. After law school, Ms. Woodward served as a law clerk to Hon. John F. McAuliffe of the Maryland Court of Appeals. Ms. Woodward has more than 30 years of experience handling complex commercial litigation. She has ten years of experience representing clients in Second Amendment litigation, including most of the matters listed in ¶ 4, *supra*. Her work in this action included strategic development; review of papers for submission to the Second Circuit; and oral argument preparation. Bradley charged Plaintiffs for 4.7 hours of Ms. Woodward's work at rates between $650–$675 per hour, for a total amount of $2260.92,[2] an effective hourly billing rate of $481.05

21. **James W. Porter III**. Jay Porter is a partner in Bradley's Litigation and Appellate Practice Groups. Mr. Porter graduated from the University of Alabama School of law, J.D., *cum laude*, 2005, and from Dartmouth College, A.B., 2000. After law school, Mr. Porter served as a law clerk to Hon. Robert B. Propst of the United States District Court for the Northern District of

---

[2] This total accounts for Ms. Woodward's pro-rata allocation of a 38.957% discount applied to Bradley's September 2020 invoice. (Ex. A, at 29–35).

7

Alabama. Mr. Porter has more than 16 years of experience handling complex commercial litigation. He has ten years of experience representing clients in Second Amendment litigation, including most of the matters listed in ¶ 4, *supra*, and arguing for plaintiffs–appellants in the Third Circuit. *Doe I v. Gov. of Pennsylvania*, 977 F.3d 270 (3d Cir. 2020). His work in this action included strategic development; drafting and review of papers; oral argument preparation; *amicus* coordination; and representation of the Plaintiffs in motion practice following remand to this court. Bradley charged Plaintiffs for 82.5 hours of Mr. Porter's work at rates between $550–$570 per hour, for a total of $37,764.45,[3] an effective hourly billing rate of $457.75.

22. **Marc A. Nardone**. Marc Nardone is a partner in Bradley's Litigation Practice Group. Mr. Nardone graduated from the University of Maryland School of Law, J.D., *cum laude*, 2011, and Washington University in St. Louis, A.B., 2006. After law school, Mr. Nardone served as a law clerk to the Hon. Lynne A. Battaglia of the Maryland Court of Appeals. Mr. Nardone has ten years of experience representing clients in both complex commercial litigation and in Second Amendment litigation, including most of the matters listed in ¶ 4, *supra*. Mr. Nardone is also set to argue for the plaintiffs–appellants in a Second Amendment challenge in the Fourth Circuit in March 2023. *Maryland Shall Issue v. Hogan*, No. 21-2017 (L) (4th Cir.). His work in this action included strategic development; oral argument preparation; and review of papers. Bradley charged Plaintiffs for 13.3 hours of Mr. Nardone's work at rates between $490–$525 per hour, for a total amount of $5855.84, an effective hourly billing rate of $440.29.

23. **Connor M. Blair**. Connor Blair is now a partner in Bradley's Litigation Practice Group; he was an associate at all times relevant to this fee application. Mr. Blair graduated from

---

[3] This total accounts Mr. Porter's pro-rata allocation of a 38.957% discount applied to Bradley's September 2020 invoice and a 25.97% discount applied to its June 2021 invoice. (Ex. A, at 29–35, 46–50).

8

the University of North Carolina School of Law, J.D., 2013, and the University of North Carolina at Chapel Hill, B.A., 2010. Mr. Blair has nine years of experience handling complex commercial litigation and approximately five years of experience representing clients in Second Amendment litigation. His work in this action included strategic development; extensive amounts of legal research; drafting and review of papers; oral argument preparation; and representation of Plaintiffs following remand to this Court in the form of motion practice. Bradley charged Plaintiffs for 77.1 hours of Mr. Blair's work at rates between $440–$445 per hour, for a total amount of $29,161.10,[4] an effective hourly billing rate of $378.22.

24. **Daniel L. Lawrence.** Daniel Lawrence is an associate in Bradley's Litigation Practice Group. Daniel graduated from Vanderbilt University, J.D., 2019, and Tulane University, B.S., 2016. Mr. Lawrence has three years of experience representing clients in commercial litigation. His work in this action consisted of legal research related to Plaintiff's motion for attorney's fees and costs, (Ex. A, at 99), but Bradley only charged Plaintiffs for 0.2 hours of Mr. Lawrence's work for a call related to that research, (*id.* at 96), at $315 per hour, for a total amount of $63.

25. I also personally supervised and managed the work of paralegals Kristine A. Martinez and Emerson K. Krause. The itemization reflects their reasonably hourly rates and time necessarily spent assisting with Plaintiffs' challenge. (Exhibit A). As of July 2021, Ms. Martinez had approximately five years of paralegal experience. Bradley charged Plaintiffs for 25.2 hours of Ms. Martinez's work at rates between $260–$270 per hour, for a total amount of 5723.29,[5] an

---

[4] This total accounts for Connor's pro-rata allocation of a 38.957% discount applied to Bradley's September 2020 invoice. (Ex. A, at 29–35).

[5] This total accounts for Kristine's pro-rata allocation of a 38.957% discount applied to Bradley's September 2020 invoice. (Ex. A, at 29–35).

9

effective hourly billing rate of $227.11. Ms. Krause currently has one and a half years of paralegal experience. Bradley charged Plaintiffs for 17.3 hours of Ms. Krause's work at $260 per hour, for a total amount of $4498.

26. As set forth above, (*supra* ¶¶ 6–13), Plaintiffs' successful prosecution of this action required litigation before the Supreme Court of the United States for reversal of Second Circuit precedent and the abrogation of federal Courts of Appeals' analytical frameworks that had stayed from the frameworks the Supreme Court established in *Heller* and *McDonald*. Such success required (1) textual arguments related to the scope of Second Amendment protection; and (2) arguments related to the history and tradition of firearms regulation, dating as far back as pre-colonial America and early England. Those litigation needs demonstrate the need for counsel with special expertise in the field of complex Second Amendment litigation.

27. There are very few attorneys who regularly practice Second Amendment litigation. Even fewer regularly do so against governmental entities. No in-district counsel possessed the experience that Plaintiffs' constitutional challenge required. For that reason, Plaintiffs justifiably retained out-of-district counsel at Bradley with extensive experience litigating Second Amendment matters in United States Courts of Appeals.

28. Bradley's rates reflect those that a reasonable, paying client would be willing to pay. The rates Bradley charged Plaintiffs for attorney work ($315–$445 for associates; $490–$765 for partners) are commensurate with (or, indeed, lower than) the hourly rates of counsel with the experience and skill needed to litigate Second Amendment matters successfully. Those rates are also consistent with national demands for experienced appellate counsel. Those rates are actually lower than the prevailing rates for similar attorneys in the areas where we regularly practice. The

rates Bradley charged Plaintiffs for paralegal work ($260–$270) are consistent with national rates for experienced paralegal support.

29. Plaintiffs are entitled to recover attorney's fees for Bradley's work by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for Bradley's attorneys and paraprofessionals. Here that product is approximately $212,362.45. In the exercise of reasonable billing judgment, Bradley has discounted its fees by $64,883.50. Plaintiffs do not seek reimbursement for such fees. Plaintiffs seek only the discounted amounts actually billed them, totaling $147,478.95.

30. By accepting this action, Bradley's attorneys were precluded from taking on other representation. This action also imposed time constraints on the schedules of those attorneys.

31. Plaintiffs also request an award of taxable costs in the Supreme Court in the amount of $2,977.20 for the "Printing of record" ($2,677.20) and for "Clerk's costs" ($300.00). In its judgment, the Supreme Court ordered that Plaintiffs recover these costs from Defendants. (*See* ECF Doc. 161 at 2–3, *New York State Rifle & Pistol Ass'n, Inc. v. Beach*, No. 19-156 (2d Cir.)). Out of an abundance of caution, Plaintiffs submit a Bill of Costs, Itemization of Costs in the Supreme Court of the United States, Declaration of John Parker Sweeney, and copy of the Supreme Court's judgment hereto as Exhibit B.

32. I submit that the request for $150,456.15 ($147,478.95 in attorney's fees and $2,977.20 in Supreme Court costs) for services rendered—as outlined in Exhibits A and B—is reasonable in light of all the facts and circumstances surrounding the Plaintiffs' challenge and the lawsuit which resulted in judgment in the Plaintiffs' favor by this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this February 9, 2023.

John Parker Sweeney
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: (202) 393-7150
jsweeney@bradley.com

## CERTIFICATE OF SERVICE

I hereby that on February 9, 2023, I electronically filed the foregoing with the Clerk of the Count using the CM/ECF system, and I hereby certify that service will be accomplished by the CM/ECF system on all parties or their counsel. I further certify that a copy of the foregoing and its attachments were served via email to the following:

Kelly L. Munkwitz
Michael G. McCartin
OFFICE OF NEW YORK STATE
ATTORNEY GENERAL – ALBANY
The Capitol
Albany, NY 12224
Telephone: (518) 776-2626
Kelly.munkwitz@ag.ny.gov
Michael.mccartin@ag.ny.gov

*Counsel for Defendants*


Dated: February 9, 2023                          */s/ John Parker Sweeney*
                                                 John Parker Sweeney

                                                 *Counsel for Plaintiffs*