**John Parker Sweeney**
Partner
jsweeney@bradley.com
202.719.8216 direct



March 31, 2023

**Via CM/ECF**
Hon. Judge Brenda K. Sannes
Chief U.S. District Court Judge
U.S. District Court
Northern District of New York

      Re:    *New York State Rifle and Pistol Association, Inc v. Nigrelli*, No. 1:18-cv-134 (BKS/ATB)

Dear Chief Judge Sannes:

    *Agudath Israel of America v. Hochul*, No. 22-38, 2023 WL 2637344 (2d Cir. Mar. 27, 2023) ("*Agudath II*"), is an unpublished, nonbinding summary affirmance of a district court opinion (*Agudath Israel of Am. v. Hochul*, No. 20-CV-04834 (KAM/RML), 2021 WL 5771841 (E.D.N.Y. Dec. 6, 2021) ("*Agudath I*")) that was decided more than a year ago and not cited in Defendants' opposition to Plaintiffs' motion for attorneys' fees (Doc. 70) ("Opposition"). *Agudath II* changes neither the facts nor the law confirming Plaintiffs' entitlement to $1,235,567.34 in attorney's fees and costs.

    *Agudath II* is irrelevant to Plaintiffs' motion for attorneys' fees. Defendants cite *Agudath II* for the proposition that the forum rule requires that in-forum rates apply to Plaintiffs' requested fees. But *Agudath II* did not consider the forum rule or when a plaintiff has satisfied the exception to the forum rule. *Agudath II* instead considered only whether the district court should have "enhance[d]" in-forum rates in that particular case. The plaintiffs did not dispute that in-forum rates apply, *see Agudath II*, 2021 WL 5771841, at *6, and did not seek out-of-forum rates, *see* Pl.'s Reply Brief in Support of Pl.'s Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 at 5, *Agudath Israel of Am. v. Cuomo*, No. 1:20-cv-04834 (KAM) (E.D.N.Y. June 16, 2021) ("Plaintiffs request only in-district rates . . . ."). Nor did they raise their entitlement to out-of-forum

rates as an issue on appeal. *See Agudath II*, 2023 WL 2637344, at *3. It is therefore not surprising that *Agudath I* awarded fees consistent with in-forum rates, 2021 WL 5771841, at *4-7, and that *Agudath II* affirmed that ruling, holding only that the plaintiffs were not entitled to "an additional fee enhancement for case-specific reasons" of in-forum rates. *Agudath II*, 2023 WL 2637344, at *3. *Agudath II*'s irrelevance here is confirmed by the "*Johnson* factors,"[1] which governed the result in *Agudath II*, *id*. at *1, but are not discussed by Defendants in their Opposition.

*Agudath II* confirms that this Court must conduct a case-specific review of Plaintiffs' entitlement to attorneys' fees and that the Court's order on Plaintiffs' motion for attorneys' fees will be reviewed for an abuse of discretion. 2023 WL 2637344, at *1. Nothing in *Agudath II* suggests that this Court would abuse its discretion by holding that Plaintiffs are entitled to the fees and costs they seek. For instance:

- *Agudath II* does not mention, much less overturn, *Simmons v. N.Y. City Transit Auth*., 575 F.3d 170, 176 (2d Cir. 2009), which held that that in-district rates do not apply in a "case requiring special expertise" because "no in-district counsel possessed such expertise." Whether other in-forum attorneys possessed necessary expertise was not at issue in *Agudath II*. In any event, Defendants do not dispute that Plaintiffs have demonstrated that no in-district counsel possessed the expertise necessary to litigate this action successfully.

- *Agudath II* affirmed that it was reasonable for plaintiffs' attorneys—12 attorneys working simultaneously—to bill almost 1,200 hours over the course of just 16 months. *See Agudath I*, 2021 WL 2021 WL 5771841, at *3, 12. Plaintiffs' attorneys here billed roughly just 400 more hours than the plaintiffs' attorneys in *Agudath II* but did so over the course of three and a half more years and a trip to the United States Supreme Court. Plaintiffs also used

---

[1] *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717–19 (5th Cir. 1974).

far fewer attorneys simultaneously than the plaintiffs in *Agudath II*. Although *Agudath I* applied a 10% reduction to the plaintiffs' attorneys' fees to account for the hours they spent filing a procedurally defective motion, that was a mistake for which "a client might reasonably demand a fee reduction." *See Agudath II*, 2023 WL 2637344, at *2. Plaintiffs made no such mistakes. Defendants have not demonstrated any unreasonably or unnecessarily expended hours that warrant any across-the-board reduction.

- *Agudath II* confirms that courts award attorneys' fees according to the lodestar method and that "the degree of success obtained" is "critical" to determining whether the requested hourly rate is reasonable. *Id*. at *1-2 (quotation omitted). Whatever success the *Agudath II* plaintiffs may have had challenging a regulation on First Amendment grounds, it is beyond dispute that Plaintiffs here had more success and faced longer odds in an area of the law with fewer attorneys with the necessary expertise necessary to obtain a successful result. While plaintiffs may have prevailed in *Agudath II*, only this case resulted in a landmark victory before the Supreme Court that abrogated more than a decade of precedent in almost every circuit, including this one, changing the way in which courts must analyze Second Amendment claims.

The Second Circuit's summary affirmance in *Agudath II* does not change Plaintiffs' entitlement to $1,235,567.34 in attorney's fees and costs.

Dated: March 31, 2023                Respectfully submitted,

/s/ *John Parker Sweeney*
John Parker Sweeney
James W. Porter, III
Marc A. Nardone
Connor M. Blair
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: 202-393-7150
Facsimile: 202-347-1684
jsweeney@bradley.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on March 31, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will electronically serve all counsel of record.

Dated: March 31, 2023

/s/ *John Parker Sweeney*
John Parker Sweeney

Counsel for Plaintiffs