IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) Civil Action No. 1:18-cv-00134-BKS-ATB |
| STEVEN G. JAMES, IN HIS OFFICIAL CAPACITY AS ACTING SUPERINTENDENT OF THE NEW YORK STATE POLICE, *et al.*, | ) ) ) ) ) ) |
| *Defendants*. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO ENFORCE THE COURT'S JUDGMENT**

Plaintiffs Brandon Koch, Robert Nash, and the New York State Rifle and Pistol Association, Inc. submit this memorandum of law in support of their motion for entry of an order directing Defendants to comply with this Court's September 22, 2023 Order awarding Plaintiffs attorneys' fees and costs (the "Order") and granting Plaintiffs leave to file a supplemental motion seeking attorneys' fees and costs incurred in attempting to enforce the Order.

On February 1, 2018, Plaintiffs filed suit to vindicate their right to carry a firearm outside the home without first having to satisfy a licensing official that they had "proper cause" to exercise that right. *See* ECF 1 & 31. Plaintiffs sought a declaration that N.Y. Penal Law § 400.00(2)(f) was unconstitutional and an injunction against Defendants' enforcement of it. *Id.*

After granting Plaintiffs' petition for writ of certiorari, the Supreme Court of the United States held that "New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2156 (2022).

On September 22, 2023, the Court entered the Order, granting in part Plaintiffs' motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988, ordering "that Plaintiffs are awarded a total of $443,601.62 in fees and $4,099.20 in costs and expenses for a total award of $447,700.82." ECF 75. Defendants did not appeal the Order. Post-judgment interest began to accrue on September 22, 2023 and accrues until Defendants make payment. 28 U.S.C. § 1961(a).

Defendants do not dispute their obligations under the Order but have nevertheless failed to comply with the Order. Plaintiffs have made several attempts to facilitate and obtain payment from Defendants, including:

- On November 15, 2023, Plaintiffs wrote to Defendants, demanding payment. *See* Exhibit A. Defendants did not respond to this letter.

- On December 7, 2023, Defendants' counsel alerted Plaintiffs' counsel that Defendants would not remit payment without a notarized letter from each of the Plaintiffs, stating that each approved payment being remitted to the undersigned.

- On December 21, 2023, Plaintiffs' counsel provided to Defendants' counsel a notarized letter from each Plaintiff. *See* Exhibit B.

- On January 11, 2024, Defendants sent to Plaintiffs' counsel a "voucher" form to complete as a prerequisite to Defendants remitting payment to Plaintiffs. Plaintiffs' counsel received the form on January 17, 2024 and completed and returned it to Defendants that same day via overnight mail. *See* Exhibit C.

- Plaintiffs' counsel has also followed up with Defendants' counsel numerous times through emails and phone calls regarding status of payment, including:

    o On January 2, 2024 (voicemail);

    o January 9, 2024 (email), *see* Exhibit D;

- o  February 6, 2024 (phone call);
- o  February 16, 2024 (voicemail);
- o  February 19, 2024 (email), *see* Exhibit E;
- o  February 22, 2024 (email), *see* Exhibit E; and
- o  February 29, 2024 (email), *see* Exhibit E.

Defendants have still failed to remit payment. Defendants have falsely stated on multiple occasions that payment is imminent. *See* Exhibit E (stating on January 9, 2024 that payment is "in the works" and stating on February 23, 2024 that "a check should issue shortly"). Most recently, Defendants promised that the check would issue by March 8, 2024. Exhibit E.

Enough is enough. Defendants do not dispute their obligation to comply with the Order. Nor do they dispute the amount owed pursuant to the Order and federal statute. They have simply failed to comply with the Order. This Court should therefore enter an order requiring Defendants to pay Plaintiffs in full within seven days of the date this motion is granted and granting Plaintiffs leave to file a supplemental motion seeking attorneys' fees and costs incurred in attempting to enforce the Order.

**I.  This Court should order Defendants to comply with the Order.**

Nothing in 42 U.S.C. § 1988 authorizes delay in the payment of a judgment for attorneys' fees. Rules 69 and 70 of the Federal Rules of Civil Procedure authorize this Court to enter an order mandating that payment of a judgment for attorneys' fees be made promptly. In particular, Rule 69(a)(1) provides that a federal court that enters a judgment has authority to "direct" how the judgment be enforced in accordance with applicable federal statutes. Rule 70(a) likewise provides that, "[i]f a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done. . . ." Fed. R. Civ. P. 70(a).

Courts have invoked Rules 69 and Rule 70 to order payment of attorneys' fees awarded under 42 U.S.C. § 1988 when a government defendant has delayed remitting payment of the awarded fees. *See, e.g.*, *Spain v. Mountanos*, 690 F.2d 742, 745 (9th Cir. 1982) ("The legislative history of section 1988 supports [the] conclusion [that] . . . a district court may invoke its equitable authority under Rule 70 to enforce an attorney's fee award under section 1988 against the state."); *Gates v. Collier*, 616 F.2d 1268, 1271 (5th Cir. 1980) ("[W]here a state expresses its unwillingness to comply with a valid judgment of a federal district court, the court may use any of the weapons generally at its disposal to ensure compliance. . . . If statutory authority is needed for the court's actions, it may be found in [Rule] 70."); *Norton v. City of Springfield*, No. 13-3316, 2018 WL 11420494, at *4 (C.D. Ill. Aug. 28, 2018) (granting motion to enforce judgment for attorneys' fees pursuant to Rule 69(a)).

Pursuant to Rules 69 and 70, the Court should order Defendants to remit payment in full, including the post-judgment interest to which Plaintiffs are entitled pursuant to 28 U.S.C. §1961(a). *Restivo v. Nassau Cnty.*, No. 06-CV-6720(JS)(SIL), 2019 WL 111048, at *3 (E.D.N.Y. Jan. 4, 2019) (post-judgment interest is recoverable on an award of attorneys' fees, costs, and expenses). There is no dispute that Plaintiffs are entitled to post-judgment interest. There is also no dispute that this interest began to accrue on September 22, 2023 and continues to accrue "until the date the fees and costs are paid." *Id.* The applicable interest rate is 5.42%. *See* 28 U.S.C. § 1961(a). Interest accrues at a rate of approximately $66.48 per day. As of March 8, 2024—the date this motion was filed—post-judgment interest totals $11,168.72 and Plaintiffs are owed a total of $458,869.54.

Defendants have for almost six months failed to comply with the Order. It has become necessary for this Court to order Defendants' compliance. Plaintiffs request that the Court order Defendants to remit payment in full to Plaintiffs within seven days of entry of that order.

4

**II. This Court should grant Plaintiffs leave to file a supplemental motion seeking attorneys' fees and costs incurred in attempting to enforce the Order.**

Plaintiffs also request that they be granted leave to file a supplemental motion seeking attorneys' fees and costs they have incurred in attempting to enforce the Order. "It is well-settled that a plaintiff may recover fees in connection with enforcement of a judgment." *Hines v. City of Albany*, No. 106CV1517GTSRFT, 2015 WL 12828107, at *1 (N.D.N.Y. May 13, 2015) (collecting authority), *aff'd*, 613 F. App'x 52 (2d Cir. 2015); *see also See Balark v. Curtin*, 655 F.2d 799, 803 (7th Cir. 1981) ("The compensatory goals of the civil rights laws would thus be undermined if fees were not also available when defendants oppose the collection of civil rights judgments. . . . The victory would be hollow if plaintiffs were left with a paper judgment not negotiable into cash except by undertaking burdensome and uncompensated litigation.").

## CONCLUSION

For the foregoing reasons, the Court should grant the motion, ordering Defendants to remit payment in full to Plaintiffs within seven days of entry of the order granting this motion and granting Plaintiffs leave to file a supplemental motion seeking attorneys' fees and costs incurred in collecting their attorneys' fees and costs.

Dated: March 8, 2024                                      Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney
James W. Porter, III
Connor M. Blair
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: 205-521-8000
jsweeney@bradley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 8, 2024, I electronically filed the foregoing with the Clerk of the Count using the CM/ECF system, and I hereby certify that service will be accomplished by the CM/ECF system on all parties or their counsel.

Dated: March 8, 2024                            */s/ John Parker Sweeney*
                                                     John Parker Sweeney

                                                     *Counsel for Plaintiffs*