**John Parker Sweeney**
Partner
jsweeney@bradley.com
202.719.8216 direct



March 19, 2024
**Via CM/ECF**
Hon. Judge Brenda K. Sannes
Chief U.S. District Court Judge
U.S. District Court
Northern District of New York

      Re:    *New York State Rifle and Pistol Association, Inc v. James,* No. 1:18-cv-134 (BKS/ATB)

Dear Chief Judge Sannes:

Plaintiffs write to notify the Court that Defendants have satisfied only in part the Court's September 22, 2023 Order awarding Plaintiffs attorneys' fees and costs (the "Order"), which ordered "that Plaintiffs are awarded a total of $443,601.62 in fees and $4,099.20 in costs and expenses for a total award of $447,700.82." ECF 75. On March 8, 2024, Defendants remitted payment to Plaintiffs for $447,700.82. *See* Exhibit 1.

But Defendants' payment to Plaintiffs is deficient because it does not include the post-judgment interest to which Plaintiffs are entitled pursuant to 28 U.S.C. §1961(a), *see also Restivo v. Nassau Cnty.*, No. 06-CV-6720(JS)(SIL), 2019 WL 111048, at *3 (E.D.N.Y. Jan. 4, 2019) (post-judgment interest is recoverable on an award of attorneys' fees, costs, and expenses). It is undisputed that since the Court entered the Order, post-judgment interest has accrued at a rate of approximately $66.48 per day. It is also undisputed that this interest began to accrue on September 22, 2023 and continues to accrue "until the date the fees and costs are paid." *Restivo*, 2019 WL 111048, at *3. As of March 8, 2023—the date Defendants remitted payment—$11,168.64 in post-judgment interest had accrued. As of the date of this filing, $11,899.92 in post-judgment interest has accrued.

On March 18, 2024, the day Plaintiffs received partial payment, Plaintiffs' counsel asked Defendants' counsel whether and when Plaintiffs would be paid in full. *See* Exhibit 2. Defendants' counsel has not responded to Plaintiffs' email.

Plaintiffs hereby renew their Motion to Enforce the Court's Judgment with respect to the post-judgment interest to which Plaintiffs are entitled but have not yet been paid.

Plaintiffs also hereby renew their request for leave to file a supplemental motion seeking attorneys' fees and costs that they have incurred in attempting to enforce the Order. "It is well-settled that a plaintiff may recover fees in connection with enforcement of a judgment." *Hines v. City of Albany*, No. 106CV1517GTSRFT, 2015 WL 12828107, at *1 (N.D.N.Y. May 13, 2015) (collecting authority), *aff'd*, 613 F. App'x 52 (2d Cir. 2015); *see also See Balark v. Curtin*, 655 F.2d 799, 803 (7th Cir. 1981) ("The compensatory goals of the civil rights laws would thus be undermined if fees were not also available when defendants oppose the collection of civil rights judgments. . . . The victory would be hollow if plaintiffs were left with a paper judgment not negotiable into cash except by undertaking burdensome and uncompensated litigation.").

Dated: March 19, 2024            Respectfully submitted,

/s/ *John Parker Sweeney*
John Parker Sweeney
James W. Porter, III
Connor M. Blair
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: 202-393-7150
Facsimile: 202-347-1684
jsweeney@bradley.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will electronically serve all counsel of record.

Dated: March 19, 2024                                   /s/ *John Parker Sweeney*
                                                                          John Parker Sweeney

                                                                          Counsel for Plaintiffs